Wood, J.
The land in controversy is a part of lot No. 138, township No. 6, in the 11th range, in the Connecticut Western Reserve. On the trial there was no contest as to the right of the plaintiff to recover, unless the proceedings under a certain sale for taxes, in 1806, were valid; but if such tax sale was sustainable, the title of the defendant was unquestioned. To support this sale several documents were offered in evidence by the defendant’s counsel, which wore objected to by the counsel for the plaintiff, but admitted by the court to go to the jury, and the reasons stated in the motion for a new trial, is the supposed error of the court in the admission of these papers. We shall notice only those reasons on which counsel appearto us mainly to rely, the others being too apparently untenable to require of us any especial consideration.
The defendant derived title, first, under a deed from Reuben S. Clark, collector of taxes for the sixth non-resident collection dis- , trict, dated November 27, 1809, and then through several intermediate conveyances, down to himself. Objection was *taken [279 to the introduction of this deed, because, in its recital, it set forth a certificate of sale for taxes, dated on May 22, 1806, signed by James Hillman, as collector of taxes for the sixth collection district of the State of Ohio for the'year 1805.
By the law of 1805, in force when the tax accrued for which this sale was made, Hillman was sheriff of Trumbull county, and, as such, collector of taxes ex officio. By the act of January 27, 1806, which took effect from its passage, the state was divided into six collection districts'for the collection of taxes from nonresident proprietors of lands, and Hillman was appointed collector of the sixth district, in which the land in controversy was eituated. Section 24 of this statute (1 Chase’s L. 539) provides, “that the collectors of the several counties or townships, and collection districts, shall, respectively, make deeds to the purchaser or purchasers, his or their assigns, for all lands that have heretofore been sold for taxes,” etc. Section 35 repeals the former acts, and provides that “ all taxes,” etc., “ due and owing under the provisions of either of the above-recited acts, shall be collected and paid over *280 to the proper officer therein authorized to. receive the same.” As the sheriff of Trumbull county was de facto collector of the tax due in 1805, it is urged by counsel that under this last provision! when he sold the land in 1806, he was acting as the sheriff of Trumbull county, and should have signed the certificate of sale as sheriff, and not as collector of the sixth collection district, and that consequently the deed founded on such evidence of sale and executed by Clark in 1809, Clark being a subsequent district collector, is void. We have not, however, come to the same conclusion. It is a general rule in sales by public officers, that where there is a sufficient power to warrant a sale, a slight variance or omission will not be held to be material. 5 Cowon, 350. But this, it is said, is a sale for taxes, where principles stricti juris are to be applied. To this argument it may also be answered, that no substantial variance from the provisions of the statute, so far as the 280] signature of Hillman to the certificate of sale is ^concerned, is by us perceivod. In May, 1806, when the sale was made, Trumbull county formed the sixth collection district, and, Hillman, being sheriff of the county, was, as such, collector of that district for the tax of 1805, at the time when he signed the, certificate. Hillman, being by the act made collector by virtue of his office of sheriff, it seems to us there can be no objection to the certificate, whether signed by him in the one or the other capacity. Pro haa vice, sheriff and collector are synonymous terms.
Another ground urged for a now trial is, that the court overruled the plaintiff’s objections to the defendant’s title, because Hillman had not duly qualified as collector, by giving bond as the law required. The act of February 18, 1804, provides that the sheriff of each county, before he received his duplicate, should give bonds, etc., conditioned for the due and faithful paying and accounting for all taxes, etc., and if he neglected to give such bond before the first Monday of August, a collector of taxes should be appointed by the county commissioners; and the statute also required the clerk of the court of common pleas to withhold the duplicate until the bond was given, etc. 1 Chase’s L. 415. The evidence was, that the bond was not executed until the 10th of September, and that Hillman did not receive the duplicate until September 20, 1805. But it was holden by this" court, in 5 Ohio, 136, that a constable’s bond, executed after the time limited by the statute, was nevertheless valid and that its execution was not a *281 condition precedent to the right to enter upon the duties of his office. In the case of the State of Ohio v. Findley and others,† at the present term of this court, it has been holden that the right of the county treasurer to enter on the duties of his office, was derived from his election, and that the oath required by law to be taken by him was not such a precedent condition as to impair the validity of his acts performed before such oath was taken. In this case, as the bond was executed before any appointment had been made of a collector by the county commissioners, though not ■within *tho time prescribed, it would be against the whole [281 current of the decisions of this court, in similar cases, to hold that the acts of the collector, Hillman, were void or voidable upon that ground.
An objection was also taken to the reading of the advertisement of the sale in evidence to the jury, but which, was, in like manner, overruled, and the evidence admitted. The law in force at the time (1 Chase’s Laws, 416, sec. 10) provided, that the collector, before any sale, should advertise the time and place, etc., thirty days, at the door of the court-house, and also at five other public places in the county; but the act prescribes no form of notice. The advertisement was in these words : “ Youngstown, April 15, 1806. Notice is hereby given, that the following tracts of land,” etc., “ will be exposed to sale, on Thursday, the 22d day of May next, at the court-house in Warren, to defray the tax of 1805. James Hillman, collector.” It is urged, against the validity of this advertisement, that the collector did not add “Trumbull county,” to his signature, as collector, and to Warren also, as the place of sale. As the State of Ohio was, in 1806, it appears to us, there was certainly sufficient to put the owner of any land advertised for sale upon his guard, without the addition of Trumbull county, as contended for. At the date of this advertisement, there was no township of the name of either Youngstown or Warren, except those in Trumbull county, in the State of Ohio. An advertisement, in an Ohio newspaper, dated Youngstown, in 1806, would sufficiently indicate Youngstown, in Trumbull county, and if written and posted up at the door of the court-house, or anywhere within the bounds of Trumbull county, as the law required, it would certainly, to a common intent, at least, indicate the same thing. But *282 when, in addition, the names of the owners, the lot, township, range, etc., arc all specified, the owner, in casting his eye upon such an advertisement, could not well mistake the identity of his property, if advertised, nor a person desirous of purchasing, its location, unless both were determined not to know its contents and to sleep upon their rights. In this advertisement, these designa282] tions are all set forth, though at most it *is doubtful whether the law, at that time, required anything more,to be stated in the advertisement, than that such lands as were delinquent for taxes, in the collection district, would be sold at such a time and place. But if the advertisement was not then sufficiently certain, they should be gross defects only, which should be noticed, if at all, after the lapse of thirty-four years, and a majority of the court are of opinion that the advertisement was sufficient.
Webb & Williamson, for the plaintiff.
S. J. Andrews and Bingham, for the defendant.
Again, it is argued that the court erred in admitting in evidence certain extracts made from the tax duplicate by J. H. Baldwin, and sworn to by him, and certain transfers and records of sales in 1806, made by Hillman. Baldwin was the auditor of Trumbull county, when those documents were obtained, and, as such, had their custody, and wo do not see any objection to examined and sworn copies. All public documents which can not bo removed from one place to another, may be authenticated by means of a copy, proved on oath to have been examined with the original. 1 Stark Ev. 156, pt. 2.
On the whole, we are of the opinion that the motion for a new trial should be overruled and judgment entered on the verdict.
Lane, C. J.
I agree with the opinion of my brethren, except in a single point. By the act of 1805, the penalty of twenty per cent, for non-payment was not carried into the tax duplicate of the succeeding year, but was charged to .the collector, in his account, and he was to make the amount, by levy or sale. The omission in the duplicate, therefore, is not objectionable. But in the collector’s advertisement, he gives notice that he shall sell the land, but he specifies the tax only. The sale, however, was for the tax and penalty. I think this advertisement not sufficient, because it does not communicate to the owner due and reasonable notice of the sum necessary to be paid to prevent a sale.
Motion overruled.

Aute, 51.