CLARY & WEBB *against* MOREHOUSE, Adm'r of Latting.

ERROR *to Chicot Circuit Court.*

An endorsement, in writing, upon a declaration, signed by the defendants, by which they state that they acknowledge service, and waive the necessity of any process in the case, is a mere simple agreement entered into by them, which cannot dispense with a service of process, and will not authorize a judgment by default.

Where a note is given, bearing interest at the rate of ten per centum per annum, the payment of the *interest*, as well as the principal, must be negatived in the breach, or it will be too narrow.

The defendant in error, on the thirtieth day of April, 1838, filed, in the office of the clerk of the circuit court of Chicot county, his declaration in debt, against the plaintiff in error, with an endorsement, signed by them, as follows: "We, David Clary and Albert W. Webb, the within defendants, do hereby acknowledge service of the within declaration, and waive the necessity of any process issuing thereon. Given under our hands, this 23d day of March, 1838."

The declaration is entitled of the term of the court, to be holden on the first Monday after the fourth Monday in April, 1838. No writ was issued in the case, nor was any appearance to the action ever entered by Clary and Webb, or either of them; but they being called, and not appearing, final judgment was given against them for the debt mentioned in the declaration, with interest and costs of suit.

The declaration was founded on a note bearing ten per cent. interest; and no interest was demanded, nor was the non-payment of interest averred in the breach.

TRAPNALL and COCKE, for plaintiff in error:

The declaration does not sufficiently describe the character in which the plaintiff sues, and falls within the principle settled by this court in the case of *Brown vs. Hicks,* 1 *Ark.* 232.

The obligation declared on was for the payment of $310, with interest thereon at the rate of ten per cent. per annum, from the time the same became due, until paid. The breach is, that the plaintiffs

have not paid the said sum of $310, or any part thereof, without any averment that they had not paid the interest thereon.   Yet the court rendered judgment for the sum of $310, with interest thereon, to be computed at the rate of ten per cent. per annum, from the time due, until paid.   The breach is not co-extensive with the contract, and therefore bad.   See 1 *Chitty*, 365–368.   Nor can the court, upon a judgment by default, presume the interest was not paid, since the defendant has not complained of or alleged a breach of the contract, in this respect.   We therefore maintain, the judgment of the court was erroneous, and ought to be reversed.

RINGO, C. J., delivered the opinion of the court:

The plaintiffs allege that there was no sufficient service of the writ to authorize a judgment in this case against them.   The question thus presented by the record and assignment of errors, though somewhat novel in its character, is by no means difficult to decide; because it is apparent, upon the first view, that no such proceeding is warranted by the common law, nor is it within any statutory provision in force in this State.   Our statute provides for the institution of suits at law in the circuit courts of this State, by filing in the office of of the clerk of the circuit court in which the suit is instituted, a declaration, petition, or statement, in writing, setting forth the plaintiff's cause of action; and, by the voluntary appearance of the defendant, or by filing such declaration, petition, or statement, in such office, and suing out thereon, a writ of capias ad respondendum against the person, or of attachment against the property, of the defendant.   *Rev. Stat. Ark.* 619, *S.* 1.   The requisitions of the statute do not appear to have been observed or complied with; for, as before remarked, no writ was ever issued, nor was there any voluntary appearance to the proceeding on the part of either of the defendants named in the declaration.   The proceeding was, therefore, not authorized by law; nor were the plaintiffs, in error, under any legal obligation to appear, because they had not been required so to do, in any manner authorized or prescribed by law; and therefore, their failure to appear when called, cannot be regarded as such a default as authorized the court

to give, or justified it in giving, judgment against them. The endorsement on the declaration, purporting to have been signed by Clary and Webb—being nothing more than a simple agreement, by which they acknowledge service of the declaration and waive the necessity of any process issuing thereon—could not be regarded by the court for any purpose; nor could it, in any manner, subject them to the same legal consequences as if they had failed to appear in the action, upon the service of a valid writ, requiring such appearance; because the law does not regard such acts or agreements of the parties to a suit, not made in the presence of the court, or entered on the record, as possessing, in themselves, such absolute verity as the official acts of the accredited officer of the court, whose duty it is to execute and return the process, and whose return cannot be controverted, as between the parties to the proceeding, so far as regards the truth of the facts therein stated, and therefore, as well as upon reasons of public policy, the legal consequences of not appearing in obedience to the mandate of a valid writ, requiring an appearance, legally executed by the proper officer, on the party whose appearance is required or enjoined, are essentially different from those attached to a like failure to appear in pursuance to the terms of agreement entered into and signed, as in this case, by the parties so undertaking to appear. In the former, the legal consequence is, that judgment may be given, upon such default, against the parties so bound to appear; in the latter, the failure to perform an agreement, if valid, may subject the parties so undertaking, to a new action upon the agreement; but the court is not thereby warranted in proceeding to adjudicate the case, or to pronounce any judgment upon the rights of the defendants; but the adjudication must, in such case, remain suspended, until the defendants are legally served with some valid process, requiring their appearance in court to answer to the action, or they, by some action done in court, voluntarily appear and make themselves parties to the proceedings. And here it may be proper to remark that we are aware that this proceeding was commenced before the revised statutes were in force, but the judgment was not given until they were in full operation as law; but this proceeding, whether determined by the law existing at the former or latter period, is equally unauthorized, irregular, and illegal; and for this

reason only, we deemed it unnecessary to refer to the statutory provisions which must have governed the proceeding at the former. It is also insisted that the declaration is insufficient, in law, to authorize or uphold the judgment, because it discloses a contract, in writing, for the payment of three hundred and ten dollars, with interest at the rate of ten per cent. per annum, from the time the same became due, until paid; but fails to notice, or in any manner negative the payment of the interest, as stipulated by the contract, and therefore the breach, as laid in the declaration, is not commensurate with the stipulations contained in the contract; but is too narrow and insufficient. The breach must, in every instance, be governed by the nature of the stipulation; and it is a general rule, especially where the contract is specific to do or forbear some particular act, that it should be assigned in the words of the contract, either negatively or affirmatively, or in words which are co-extensive with the import and effect of it; and, in general, if a breach be assigned in words embracing the sense and substance of the contract, though not in the precise words of the contract, it is sufficient. But if the breach vary essentially from the sense and substance of the contract, and be either more limited or larger than the stipulations of the contract or covenant, it will be insufficient on general demurrer. 1 *Chitty's Plead.* 291–92–93.

By the application of these principles to the case under consideration, it will be discovered that the breach, as laid in the declaration, is insufficient, because it is more limited than the stipulations of the contract, as set out in the declaration; upon every stipulation of which the plaintiff below sought to recover, and has actually obtained judgment, notwithstanding his failure to allege any breach of the express stipulation to pay interest at the rate of ten per cent. per annum, without which such interest would be unlawful, and could not be recovered, it is therefore, an essential stipulation of the contract; for it affects materially the legal rights of the parties to it. It confers upon one the right to demand, and imposes upon the other the legal obligation to pay, a larger sum than would otherwise result from the simple promise, or obligation, to pay the principal debt, and therefore, the plaintiff, to show a legal title to this additional sum, must aver a breach of

the stipulation, which alone entitles him to it. The judgment is reversed, and the case remanded, under the rule in *Gilbreath vs. Kuykendall,* and with leave to the plaintiff to amend the declaration.