## BANK OF LOUISIANA vs. WATSON.

In declaring on a judgment for several sums of money, each of which sums the judgment adjudges shall bear interest from a date prior to the rendering of the judgment, and some at a higher rate than six per cent. per annum, the non-payment of the interest accruing must be specially negatived in the breach.

It is not sufficient, after demanding a certain sum in the commencement, and after setting out the judgment, alleging that it remains in full force, strength, and effect, not in any wise reversed, annulled, vacated, paid off, or satisfied, and no execution obtained on it, whereby an action has accrued to demand and have the sum demanded, then, for a breach, to allege simply the non-payment of the sum demanded, or any part thereof.

THIS case was determined in Chicot Circuit Court, in May, 1842, before the Hon. ISAAC BAKER, one of the circuit judges. The bank sued *Watson*, in debt. The declaration demanded the sum of $20,000. It set out the acts of incorporation of the plaintiff, and of the Grand Gulf Bank, for which it sued. It then stated a judgment, recovered in Louisiana, by the plaintiff, against the defendant, for $16,700, the amount of certain bills of exchange, upon $6000 of which it was adjudged that interest should accrue, at eight per cent., from the 4th day of April, A. D. 1836; on $6000, the like interest, from the 18th of January, A. D. 1837; and on $4,700, the like interest, from the 29th of April, A. D. 1836, until each should be paid; also, for $1670, damages, and $9, cost of protest; and costs, amounting to $30 75; which judgment was rendered on the 27th of June, 1837. The declaration then alleged, *that the judgment remained in full force, strength, and effect, not in any wise reversed, annulled, vacated, paid off, or satisfied; and that no execution had been obtained of or upon the judgment, whereby an action had accrued to the plaintiffs, for the use, &c. to demand and have of the defendant,* " *the sum above demanded;*" concluding, that the defendant had not paid " *the sum above demanded, or any part thereof.*"

Demurrer to declaration sustained, because the breach was too narrow, and did not notice the interest adjudged. Judgment against the plaintiff, and writ of error.

Bank of Louisiana *vs.* Watson.

*Pike & Baldwin*, for plaintiff in error. The decisions of this court, relied upon in this case, do not apply. Here is no *contract* for interest, and the declaration expressly avers that the judgment, of which the interest is a part, is *unsatisfied*, whereby the action accrues. The interest here does not accrue *on* the judgment; it is *an integral part* of the judgment.

*W. & T. N. Byers*, contra. It has been repeatedly ruled by this court, that where a contract calls for more than six per cent. interest, where the money is payable on a future day, with interest from the date of the contract, that the breach must negative the payment of interest, or the breach was ill, and a demurrer would be sustained. *Clary & Webb vs. Morehouse, Adm.* 3 *Ark.* 261. *Sumner vs. Ford & Co. ib.* 389, and cases since decided.

This action being founded on a foreign judgment, does not change the rule. The judgment is a contract, and subject to the same rules of pleading as other contracts; and this is even a stronger case than any of the cases cited, because the cause of action, as shown on the face of the declaration, claims interest on various sums, stipulated in the contracts, at the rate of eight per cent., and accruing from different dates; and in each case, the interest commences running before the consummation of the contract sued on, and composes a material part of the cause of action, set forth in the body of the declaration. This being the case, payment or satisfaction might be pleaded to the interest alone, and the breach failing to negative the payment of part of the cause of action stated, is certainly within the rule laid down in the causes above cited.

*By the Court*, DICKINSON, J. The court below decided right, in sustaining the demurrer to the declaration. The suit was instituted upon a foreign judgment, which is composed of sundry items. The amount of them is set out, with the interest and cost accruing thereon. The interest, in more instances than one, exceeds six per cent. per annum, and the breach in the declaration is, that the judgment demanded remains wholly unsatisfied.

The inquiry now is, can the plaintiff, under such a breach, recover

more interest than six per cent. per annum? It has been repeatedly ruled in this court, that a party plaintiff cannot recover more than six per cent. per annum, unless he avers the non-payment of the interest, when the contract is for a greater rate. Here it is certain that there is no such averment. It is the amount of the judgment demanded, which it is averred has not been paid. Now, the non-payment of the interest that arises upon this judgment, is not negatived in the breach. The setting out of the interest, in the declaration, for more than six per cent. per annum, is precisely similar to showing the same thing, by profert of a note, where the rate exceeds that amount. This being the case, the question falls within the principle before stated.

Judgment affirmed.