Chief Justice Watkins delivered the opinion of the Court. This was an action of debt, on a promissory note, bearing ten per cent, interest. The commencement of the declaration does not contain any demand of interest; but the note is described in. the body of the declaration, and the breach negatives the nonr-payment of the interest as well as the principal. The allegation is that, on, &c., at, &c., the defendant made his certain promissory note of that date, and to the court there shown, &c., without any "allegation of delivery. The writ of summons, which issued upon the filing of this declaration, commenced thus:. ‘State-of Arkansas, Calhoun county, Set. To the Sheriff of Calhoun, county, greeting : You are hereby commanded to summon,’ &c.,. and was returned duly served upon the defendant, who, at the return term, filed his plea in abatement of the writ, that it did; not run in the name of the State of Arkansas. On the next day, the plaintiff moved the court for leave to have the writ amended by inserting-the words, ‘The State of Arkansas,’ next after the scilicet. The motion was sustained, and the writ amended accordingly. The plaintiff then, as the record states, took issue on the plea in abatement, which, being submitted to the court, was found in favor of the plaintiff. The defendant refused to plead further, and the court rendered judgment against him for the amount appearing to be due on the note after deducting the credits endorsed. The defendant excepted to the decision of the court in allowing the writ of summons to be amended, and to the finding of the court on the issue to the plea in abatement, and filed his affidavit for an appeal, which was granted. This statement is sufficient for an understanding of the points made in argument, and the grounds of the decision of this court.” A formal demand of the amount claimed in the beginning of the declaration, is usual, but we are not aware of any decision holding it to be necessary, or to be cause of demurrer, if omitted ; much less that such a defect would be fatal on error. The declaration sets out the contract, and the breach, which negatives the non-payment of the interest stipulated, is as broad as the contract. This is sufficient. Clary vs. Morehouse, 3 Ark. 261. Bank of Louisiana vs. Watson, 4 Ark. 518. Green vs. Thornton, 2 Eng. 384. The allegation of making imports that the note was delivered. Delivery is essential, but on principle there is no distinction in alleging the execution of the contract, under our statute, between instruments under seal and not under seal. Both are made the foundation of the action; and their execution cannot be denied without plea under oath; both import a consideration, which cannot be impeached unless by plea verified by affidavit.- As it has been uniformly held by this court, that profert of a promissory note is necessary, for the reason that the statute, in all these respects, had elevated written contracts not under seal to the grade of sealed instruments, for the same reason the allegation of the making includes delivery, as of a bond at the common law. The statute and the same rules, by analogy, apply to assignments. Feimster vs. Smith, (5 Eng. 494,) is a stronger case to this effect. We shall not avoid the question, as to the power of the court below to order the writ of summons to be amended, by intending that the words,‘State of Arkansas,’ in the caption of the writ, is a substantial compliance with the constitutional provision that all writs and other process shall run in the name of the ‘ State of Arkansas,’ and bear teste and be signed by the clerks of the respective courts from which they issue, although as the statute does not prescribe the form of such a writ, but only its requisites, {Rev. Stat., title Practice at Law, sec. 8,) we might so hold without doing any violence to that provision. And as to this, see Cooper vs. Adams, (2 Black. R. 294,) and Webster vs. Farley, (6 ib. 164.) But conceding the writ to be defective, because it did not formally run in the name of the State, was it void or amendable? If void, it was nothing, arid no amendment could aid it. If the question were res nova, we might not hesitate how it ought to be decided, and the only difficulty arises out of the former decisions of this court, which we are bound to respect, and which, in a matter of practice, ought to be adhered to, unless their apparent inconsistency with our present conclusion can be explained. In Gilbreath vs. Kuykendall, (1 Ark. 50,) the summons ran in the name of the United States. There was no motion in the court below to amend. This court held the writ to be void, yet reversed the judgment for error, while then, and for some years subsequently, the doctrine of this court was that a judgment without process was void, and no intendment would be indulged in favor of the jurisdiction, unless it affirmatively appeared on the record that the defendant had been duly notified. Estill vs. Bailey, (Ib. 131,) was the same as Gilbreath vs. Kuykendall. The case of Rose vs. Ford, (2 Ark. 26,) which decides that a sheriff will not be allowed, after judgment but at the same term and before an appeal granted, to amend his return of service, would not now be regarded as law. Such amendments, in oi'der to show a valid service of process, have been allowed in the courts below after the term and pending a writ of error, and the amendment brought up to this court by certiorari upon a suggestion of diminution, for the affirmance of the judgment. (Brown vs. Hill, 5 Ark. 79. Lungren vs. Harris, 1 Eng. 474. Bizzle vs. Stone, 3 ib. 478. Farrelly vs. Cross, 5 ib. 178.) That case (Rose vs. Ford) also held that a defendant could appear in the court below, and pray an appeal from a judgment by default, without moving to set it aside or for leave to interpose his defence, and thus became a precedent for crowding this court with such appeals, and writs of error and supersedeas to judgments by default, where the only error complained of was some informality in the process or return of service. In Woolford vs. Dugan, (ib. 131,) the judgment by default was held erroneous, because the writ not being sealed, imposed no obligation on the defendant to appear, but no question was made as to the power of the court below to have caused the process, which had been duly executed, to be amended in form. In Reeder vs. Murray, (3 Ark. 450,) the decision is to the same effect. So, in Rutherford vs. The State Bank, (ib. 558,) the transcript failed to show that the original writ had been sealed, and there was no question as to amendment. In Gooch vs. Jeter, (5 Ark. 384,) after a motion to quash, the court below allowed the writ to be amended so as to obviate the motion to quash, but the judgment was reversed, because there had been no service of the writ, and no appearance by the defendant to the action. Ferguson vs. Ross, (ib. 517,) the point was much the same as in Gooch vs. Jeter. There was no appearance by the defendant, and though the court below allowed the return of service to be amended, that did not cure the defect in the writ, that there were not fifteen days between the teste and the return day. In Haines vs. McCormick, (ib. 663,) the power of the circuit court to amend a writ which purports to have been issued on Sunday, if the true day of its teste is shown to have been on a different day, is broadly asserted, because it was a mere clerical error within the discretionary power of the court.” In Anthony vs. Beebe, (2 Eng. R.,) the power of the court to amend a writ not directed to the sheriff of any county named in it, is admitted, but it was distinctly ruled by a majority of the court that the motion to amend must be made in apt time, and if not made before the defect is pointed out by a plea in abatement for that cause, it cannot be made afterwards, so as to defeat the plea. It is enough to say of this case, as to the last point decided, which would seem to imply that the defendant has a vested right in a dilatory defence, and is so far applicable to the case now uñder consideration, that it is in effect overruled by McLarren vs. Thurmond, 3 Eng. 314. Anthony vs. Humphries, 4 ib. 183, and Anthony vs. Humphries, 6 ib. 664. In Vaughn vs. Brown, (4 Eng. 21,) though the language of the court is, that a writ of summons directed to the sheriff of-county, is wholly void, the only point really decided is, that the judgment by default upon the service of such a writ is erroneous; and there was, in that case, no motion to amend. In King vs. The State Bank, (ib. 185,) the discretionary power of a court to amend its own records after judgment, and at a subsequent term, according to the right and truth of the case, even though the effect be, as it was there, to make the judgment reversible, is fully vindicated on principle and authority. There, the opposite parly was in court, and had notice of the proposed amendment. So, in James vs. Biscoe, (5 Eng. 184,) it was held, on the authority of Fowler vs. Moore, (4 ib. 570,) and Bailey vs. Palmer, (5 ib. 208,) that if a writ be lost, the issuance, service, and return of it may be proved by parol. In the last mentioned case, the court take a distinction between amendments, according as there is or is not something to amend by, and hold that the writ may be amended or supplied, if there be a declaration in the cause, because the writ issues in pursuance of the declaration, the filing which under our statute is the first step in the institution of a suit. But Davis vs. Pettit, (6 Eng. 349,) departing from Smith vs. Dudley, (2 Ark. 64,) goes far beyond any of those cases in upholding the powers of a court to amend or supply its own records. In Whiting & Slark vs. Beebe, (7 Eng. 535,) it was held upon authority that judicial or final process, though wanting in a constitutional requisite, was amendable because such a constitutional provision is more respected by holding it to be directory, and better obeyed by amending process so as to conform to its requirements, than to make it a stumbling block in the way of justice, by giving to it a penal sanction, not expressed or intended. The court, in that case, did not decide, because not necessary, whether the power to amend such defects extended to original process, but intimate that if it does not, it is only because of the former decisions of this court. We have seen what those decisions are, and that whatever may be the language of the opinions, the actual decisions were, that an original writ, wanting in any requisite, whether of the constitution or statute, was voidable, and the judgment based on it erroneous and not void, and that in no one of them is the power to amend such process questioned, much less denied. The constitution makes no distinction between original and final process; and on the authority of Whiting & Slark vs. Beebe, and the authorities there cited to this point, there can be no distinction, as to the question of power, between original and final process. Our statute of amendments, which need not be here quoted, is as broad and comprehensive as any we know of. But the amendment allowed by the court in this case, was not the fault of the party asking the amendment: it was the clerical omission of an officer of the court, whose act is in theory, jhe act of the court itself; and, as distinguished in King vs. The State Bank, depends not upon the statute of Jeofails, but is made under the general authority of the court. It is the infirmity of this branch of the law, that no general rules can be safely laid down to govern amendments in practice. All that ought to be said is, that they are allowed for the furtherance of justice; that they ought to be so allowed as not to operate as a surprise, either in matter of law or fact, and always upon notice to the party to be affected by them; that they ought to rest in the discretion of the court allowing or refusing them, and that this discretion, if reviewed at all by the appellate court, ought rather to be revised where the amendment is wrongfully refused, than where it is erroneously allowed. It ought to be presumed that an upright and conscientious judge, seeing the whole premises, w ill so determine the complex questions of practice as they arise before him, and which, like points of order in parliamentary assemblies, however embarrassing, are but the machinery by which the law is administered, as will best attain the ends of justice. And because every case of this kind must depend, to a great extent, upon its own peculiar circumstances, we do not undertake to speculate or determine in advance, any consequences that may be supposed to follow from the opinion here expressed, that, upon the facts of this case as stated, the amendment was properly allowed, and the judgment appealed from ought to be affirmed.