### FOWLER VS. KEATTS AS AD.

In an action of debt, by an executor or administrator, upon a note executed to the testator or intestate, in his life-time, the declaration may be either in the *debet et detinet* or in the *detinet* alone:

And where, in such case, one of the obligors hath departed this life, before suit brought, the breach may negative the payment by the deceased obligor, not sued, as well as by the defendant; or by the defendant alone.

*Appeal from Pulaski Circuit Court.*

The Hon. JOHN J. CLENDENIN, Circuit Judge.

FOWLER, for appellant.

BERTRAND, for appellee.

Mr. Justice HANLY delivered the opinion of the Court.

The appellee, as administrator, with the will annexed of Lemuel H. Goodrich, deceased, brought debt against the appellant, in the Pulaski Circuit Court, to the June term, 1855, on a writing obligatory, made by the appellant and one Chase, deceased, and not sued, payable to the order of appellee's testator.

At the return term of the writ sued out in this cause, the appellant appeared—craved oyer of the bond sued on, which being granted, he demurred to the declaration, setting out the following special grounds, *to wit:*

1. "Because said plaintiff, as such administrator, counts in the *debet* as well as in the *detinet*, whereas, by law, he should have counted, as such administrator, in the *detinet* alone."

2. "Because, the breach alleged in said declaration, is broader than the contract."

As the demurrer relates to the commencement and breach, we will, to show its application, copy those parts in our statement of the case. They are in these words:

"James B. Keatts, as administrator with the will annexed, of all and singular the goods and chattels, rights and credits, which were of Lemuel H. Goodrich, deceased, plaintiff herein, by attorney, complains of Absalom Fowler, defendant herein, of a plea that he render unto him, as such administrator, the sum of $650, with interest thereon, according to the tenor and effect of the hereinafter mentioned writing obligatory, which, to him, as such administrator, he owes, and from him unjustly detains."

"Yet the said defendant has not, though often requested so to do, paid said sum of $650, or any part thereof, or the interest, or any part thereof, to said plaintiff, as such administrator, since the death of the said Goodrich, nor did he pay said sum of money, or the interest, or any part of either, to said Goodrich in his life-time, nor did the said Chase, in his life-time, pay said sum of money, or the interest, or any part of either, to the said Goodrich, in his life-time, nor to the said plaintiff, as such administrator, since the death of the said Goodrich, nor has the legal representative of the said Chase, since his death, paid said sum of money, or the interest thereon, either to the said Goodrich, before his death, or to the said plaintiff, since his death," &c.

This demurrer being submitted to, and considered by the court, was overruled, and the appellant saying nothing further, final

judgment was rendered for the appellee, and from which the appellant appealed.

The only question presented by the transcript in this cause, and the only error assigned by the appellant, is as to the sufficiency of the declaration in this behalf, or the propriety of the ruling of the court below, in respect to the demurrer thereto.

1. As to this ground—in general, the declaration should be, in the *debet* and *detinet;* but upon the principle that, a man may complain of only a part of his grievance, and not of the whole, the plaintiff may abridge his demand, and declare in the *detinet* only, instead of the *debet* and *detinet*. And in actions by and against executors and administrators, the declaration should, technically, be in the *detinet* only. See 1 *Chitty's Pl.* 361, 362.

The usual form prescribed for the commencement of declarations, in actions of debt by an administrator, where the cause of action originated in the life-time of his intestate, in the English common law courts, is thus given by Mr. CHITTY, in his work on *Pleading:* "A. B., as administrator, &c., complains of C. D., being &c., of a plea that he render to the said A. B., the sum of —————— of lawful money of Great Britain, which he unjustly *detains* from him," &c. But it has been ruled by this court in *Mitchell vs. Conley*, 13 *Ark. Rep.* 416, as it had, before the decision in that case, been similarly ruled in England, that a declaration would be good in such case if commenced, thus: "A. B., as administrator, &c., complains of C. D., of a plea of debt," (see, also, 2 *Chitty's Pl.*, 13 *text, and note G.*, citing 11 *East* 65, and other authorities,) holding that the other words, usually found in the precedents, as first above given, are useless—consequently, surplusage, and not ground of demurrer, if omitted.

It was the usual course of adjudication in England, as our extract as above from 1 *Chitty's Pleadings* implies, where the form found in the books of precedents is pursued, and the declaration was in the *debet* and *detinet*, instead of the *detinet* only, to hold *that a technical objection*, and, if ground of demurrer at all, only

of special demurrer. We, therefore, hold that the appellant's demurrer was not well taken, for the first ground assigned.

2. As to this ground—It is manifest to us, the demurrer was not well taken, for the reason, that the breach is not broader than the contract declared on would warrant. It is certain, the appellee made his breach broader than he was required to make it, by the strict rules of pleading in such case. All that he need have averred in the breach, was, that the sum demanded was not paid to his testator prior to his death, nor to him since. See 1 *Chitty's Pl.* 334. The fact whether it had been paid by *Chase*, the deceased co-payor, to the testator, before his death, or to the appellee since, was a matter of defence for the appellant, and need not have been negatived by the breach, by the rules of pleading. But certainly, this breach, though unnecessary, is warranted by the terms of the contract declared on, and the incidents which have occurred in respect to it and the parties, since its execution, as appears by the declaration. In *Green et al. vs. Thornton*, 2 *Eng. Rep.* 385, this court, by JOHNSON, Chief Justice, said: "The breach must obviously be governed by the nature of the stipulation. It should be assigned in the words of the contract, either negatively or affirmatively, or in words which are co-extensive with the import and effect of it." See, also, *Mitchell vs. Conley, ubi sup.; Clary vs. Morehouse*, 3 *Ark. Rep.* 261; *Bank of Louisiana vs. Watson*, 4 *Ark. Rep.* 518.

We hold, therefore, that the court below did not err in overruling appellant's demurrer to the declaration in this behalf, on the ground herein before stated. Considering the demurrer taken as utterly frivolous, and wholly without merit, the judgment of the Pulaski Circuit Court will be affirmed, with 5 per cent. damages on the amount of the judgment recovered below, and costs.

Absent, Mr. Justice SCOTT.