### JACOB G. TITUS v. ROBERT B. CORKINS.

1. DAMAGES; *Instructions.* It is not error for a court to call the attention of the jury to all matters proper for their consideration in assessing damages.

2. EXEMPLARY DAMAGES; *Jury may Consider, What.* In a case in which exemplary or vindictive damages are proper, the jury may, in estimating such damages, take into consideration the probable and reasonable expenses of the litigation, and that although there may be no testimony as to the amount of such expenses.

3. ———— *Estimating Such Damages.* So, also, in estimating such damages in a case of assault and battery, the jury may take into consideration any fear or feeling of insecurity created in the plaintiff by the defendant's assault.

#### *Error from Cowley District Court.*

ACTION brought by *Corkins,* against *Titus,* for damages in the sum of $5,000, for an assault and battery. Trial at the August Term, 1877, of the district court, and verdict and judgment for plaintiff for $900 and costs. New trial denied, and *Titus* brings the case here for review.

*Jennings & Buckman,* and *Peck, Ryan & Johnson,* for plaintiff in error.

*E. S. Torrance,* and *James McDermott,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: Action for damages for an assault and battery. Verdict and judgment were for the plaintiff, and the

defendant alleges error. The errors alleged are in these extracts from the instructions:

"In assessing the plaintiff's damages the jury may, in their discretion, take into consideration the feeling of insecurity the plaintiff may have by reason of the defendant's assault upon him;" and "you may also, in your discretion, take into consideration the probable and reasonable expenses of conducting this suit."

It is stated that other instructions were given, but they are not preserved in the record; neither are we advised of their nature or extent. We do not know in what relation these instructions stood to the entire charge, nor whether the court in them is referring to actual or exemplary damages. We cannot say whether this comprises all that was said to the jury in reference to the measure of damages, or was largely modified and qualified by minute, extended and full instructions. We may not therefore reverse, unless under all aspects of the pleadings and testimony such instructions, either isolated or in connection with others, would be erroneous and prejudicial. (*Morgan v. Chapple*, 10 Kas. 226.) It may be conceded, that if actual damages alone were recoverable, the instructions went too far; but under the petition, punitive or exemplary damages were recoverable, for the allegation is, that the defendant did "unlawfully, forcibly and maliciously assault, beat and bruise." (*Wiley v. Keokuk*, 6 Kas. 94.) And the testimony of the plaintiff tended to show such a malicious assault as would justify a jury in awarding such damages.

If referring to punitive damages, or "smart-money," as it is sometimes called, is the language of the court in these extracts such as compels a reversal? We think not. Actual damages mean compensation. That which makes good the loss compensates, and is therefore the measure of damages. The cost of collecting is not ordinarily considered a part of the compensation, or recoverable as actual damages. (*Good v. Mylin*, 8 Penn. St. 51; *Stewart v. Sonneborn*, U. S. Sup. Ct., 7 Law and Eq. Rep. 289.) But punitive damages mean more than compensation: they imply punishment, and are to deter the wrong-doer, as well as compensate the injured.

While they imply punishment, and their assessment is largely a matter of discretion with the jury, yet a court is not bound to turn the matter over to them arbitrarily, and without any suggestions as to matters which they ought to consider in their assessment of such damages. It may and indeed ought to call their attention to any matters which will tend to prevent any mere arbitrary and thoughtless award, and to make the assessment fair and reasonable, considering all the circumstances of the case. Among such matters are those suggested in the instructions complained of. They are not stated to the jury as matters which must be made the basis of compensation, but are suggested as proper for their consideration; and as influencing the amount of smart-money, they are eminently proper. Indeed, much might be said in favor of including within actual damages and mere compensation, not only the taxable costs, but also all the expenses of the litigation. Counsel say that there was no testimony as to the expenses, and therefore the court improperly referred to the matter. If these expenses were the basis of compensation, then testimony as to them would be necessary, and the plaintiff could recover only what he should prove he has incurred. But it is otherwise in reference to smart-money. The jury are aware that a suit is prosecuted; they know that time, labor and money are consumed in such a suit, and from what they see, have some idea of the amount of such time, labor and money. And though they may not know exactly such amount, it is right for them to consider the matters of such time, labor and money in fixing the amount of smart-money. (*Roberts v. Mason*, 10 Ohio St. 282.) Just so in reference to the plaintiff's supposed feelings of insecurity. From the relative size, appearance and conduct of the parties, as well as the circumstances of the assault, the jury will judge whether the plaintiff fears a repetition of the violence, or has reason to fear it; and if they find that such fear exists, and with reason, they may assess the smart-money so that the assailant, feeling the strong hand of the law, shall be slow to disturb the peace of his neighbor. That is one

of the purposes of smart-money—to preserve the peace, by making it expensive to break it; and the court may properly call the jury's attention to the matter. See as authorities upon these instructions, *Fisher v. Hamilton*, 49 Ind. 349; *Wright v. Compton*, 53 Ind. 342; *Welch v. Durand*, 36 Conn. 182; *Roberts v. Mason*, 10 Ohio St. 282.

In the case from 36 Conn., *supra*, counsel fees were separately found, and held proper in the assessment of damages; and in that from 10 Ohio St. they were adjudged proper elements of compensatory damages. Both these were cases of assault and battery. Sedgwick, in his treatise on the Measure of Damages, page 98, says that "it may on principle be considered clear, that in cases proper for the infliction of exemplary or vindictive damages, the jury, in estimating those damages, have a right to take into their consideration the probable expense of the litigation."

This being the only question presented by plaintiff in error, the judgment will be affirmed.

All the Justices concurring.