BRADLEY, WHEELER & COMPANY *et al.* v. H. J.
HARWI *et al.*

No. 41.

1. JURISDICTION — *In Personam.*  Jurisdiction over the person of
the defendant must and can only be acquired either by the issu-
ance of and service of process in one of the ways pointed out by
the statute or by a voluntary appearance in court.

2. APPEARANCE — *Proceeding in Court.*  An appearance is a pro-
ceeding in court and must be entered of record, and, where en-
tered in a cause, it must constitute a part of the record of the
proceedings in it.

3. ———— *Agreement not Appearance.*  An agreement signed by
defendants, sixteen days prior to the filing of the petition, as fol-
lows: " We hereby consent that this case may be tried in Norton
county district court, and accordingly enter our appearance in
this case in said Norton county district court, and waive the issu-
ance of summons," and which is filed with the petition in the
action, is a mere agreement entered into by them, which cannot
dispense with the issuance and service of process, and is not such
a voluntary appearance as is contemplated by the statute.

MEMORANDUM.—Error from Norton district court ;
G. WEBB BERTRAM, judge.   Action on attachment

bonds, brought by H. J. Harwi and E. S. Lank, co-partners as Harwi & Lank, against Bradley, Wheeler & Company, a corporation, H. A. Coffin, jr., and W. R. Hill. Judgment for plaintiffs. The defendants bring the case to this court. Reversed. The case is stated in the opinion, filed November 19, 1895.

*W. B. Ham*, for plaintiffs in error.

*H. J. Harwi*, for defendants in error.

The opinion of the court was delivered by

GILKESON, P. J.: This was an action brought in the district court of Norton county, Kansas, by Harwi & Lank, as plaintiffs, against Bradley, Wheeler & Co., H. A. Coffin, jr., and W. R. Hill, as defendants, for the recovery of damages upon certain bonds given in an attachment action by Bradley, Wheeler & Co. as principal, and Coffin and Hill as sureties. Defendants made special appearance contesting the jurisdiction of the court by motion, which was overruled. Trial was had and judgment rendered in favor of plaintiffs. Defendants bring the case here for review.

The principal ground upon which the review is asked is that the court below possessed no power to render the judgment it did, or any judgment in this action, as it never acquired any jurisdiction of the persons of the defendants. The record discloses that on the 6th day of April, 1891, when the plaintiffs filed their petition in said action, the defendants Coffin and Hill were and continued to be non-residents of Norton county, and residents of the county of Graham; that Bradley, Wheeler & Co. was a corporation resident of the state of Missouri; that no summons was ever issued, or service attempted by publication,

and that the only attempt to notify the defendants was by a certain instrument in writing made some 16 days prior to the filing of the petition, which the plaintiffs claimed was a waiver of process and an appearance to the action, viz. :

"HILL CITY, GRAHAM COUNTY, KAN.,
March 21, 1891.

"In the case of Harwi & Lank v. Bradley, Wheeler & Co., and H. A. Coffin, jr., and W. R. Hill, in the Norton county district court, we, H. A. Coffin, jr., and W. R. Hill, in view of the fact that the judge of the district court of Graham county, Kansas, is disqualified to sit in said cause, having been of counsel before, and that all of the attorneys in said county have been interested in said cause, or the transaction out of which the cause of action arose, and as of necessity this case would be transferred to an adjacent county, or to another judicial district, therefore, in order to avoid expense, hereby consent that this cause shall be tried in the Norton county district court, and accordingly enter our appearance in this cause in said Norton county district court, and waive the issuance of summons, reserving the right to answer on or before May 1, 1891, without prejudice to a trial at the May term of said court, and it is accordingly stipulated that said plaintiffs, Harwi & Lank, shall file their reply on or before the 10th day of May, 1891.

H. A. COFFIN, JR.
W. R. HILL.
HARWI & LANK, *Plaintiffs.*"

It becomes necessary to inquire whether or not the defendants were in court at the time judgment was rendered against them. The real question is, Did this agreement amount to an appearance in the action ? If it did not, there was no legal notice of the action. If such an agreement did not confer jurisdiction over the persons of the defendants, then the court acquired and possessed no jurisdiction. Our

code provides for the institution of suits in the district courts of this state, and the counties in which the same shall be brought. Section 53 applies to foreign corporations and the counties in which they may be sued. Then come the following provisions:

"SEC. 55. Every other action must be brought in the county in which the defendant or some one of the defendants resides or may be summoned."

"SEC. 57. A civil action may be commenced in a court of record by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon."

"SEC. 59. The summons shall be issued by the clerk under the seal of the court, directed to the sheriff of the county, and command him to notify the defendant or defendants . . . that he or they have been sued. . . . "

"SEC. 64. The service shall be by delivering a copy of the summons to the defendant personally, or by leaving one at his usual place of residence, at any time before the return day."

"SEC. 67. An acknowledgment on the back of the summons, or the voluntary appearance of a defendant, is equivalent to service."

We believe it has been universally held that the method prescribed by statute for the service of process is exclusive of any other method of service. This is unquestionably the rule in Kansas. (*U. P. Rly. Co. v. Pillsbury*, 29 Kan. 652.) The filing of the complaint and the issuance of the summons do not confer jurisdiction over the person of the defendant. Jurisdiction over the person of the defendant must and can only be acquired either by the issuance and service of process in one of the methods pointed out by the statute, or by voluntary appearance. A court can obtain jurisdiction of a person for the purpose of rendering judgment against him only by the service of

process upon him, actual or constructive, or by a voluntary appearance in the case. (*Chambers v. Bridge Manufactory*, 16 Kan. 270.)

It must be borne in mind that this agreement was made some 16 days before the commencement of this action. An appearance, according to the ancient practice, appears to be a proceeding in term time; and that theory, we think, still exists in legal contemplation. It is settled law that a voluntary appearance cures all defects in the process, and that there can be no appearance unless of record. There must be some formal entry, or plea, or motion, or official act, to constitute an appearance, and this should be of record and tried by the record. (*Shirley v. Hagar*, 3 Blackf. 225; *Cassaday v. Reid*, 4 id. 178; *Carson v. Steamboat*, 3 Ind. 194; *Scott v. Hull*, 14 id. 136; *Robinson v. Commissioners*, 37 id. 333; *McCormack v. National Bank*, 53 id. 466.) And in *U. P. Rly. Co. v. Pillsbury*, supra, Mr. Justice BREWER says:

"And before it [defendant] can be adjudged in default and subjected to a judgment upon default, the record must affirmatively show. that, in some of the ways named in the statute, service has been made upon it."

We take it, then, that in this state an appearance is a proceeding in court, and must be entered of record, and where entered in a cause it must constitute a part of the record of the proceedings in it. Tested by these rules, we are unable to perceive how it is possible for us to hold that the agreement entered into by the appellants constituted an appearance in the court below. We would willingly so hold if we felt authorized to do so, but we cannot. Whatever that agreement may purport to be, or may in good faith have been intended to be, it does not, in our

opinion, constitute an appearance within the meaning of the statute authorizing a defendant to appear voluntarily in an action without process being served upon him. (*McCormack v. National Bank*, supra.)

It is apparent upon first view that no such proceeding is warranted by the common law, nor is it within the statutory provision in force in this state. None of the requirements of the statute appear to have been observed or complied with, for no writ was ever issued, and the appearance made by the defendant was to contest the validity of this very agreement by which the court assumes jurisdiction. The proceeding, therefore, was not authorized by law, nor were the plaintiffs in error under any legal obligation to appear, because they had not been required so to do in any manner prescribed by law; and if they had failed to appear, their failure could not have been regarded as such a default as authorized the court to give, or justified it in giving, judgment against them. Such an agreement as the one purporting to have been signed by some of the defendants in this case is nothing more than a simple agreement. (*Clarey v. Morehouse*, 3 Ark. 261.) And it could not be regarded by the court for any purpose, nor could it in any manner subject the defendants to the same legal consequence as if they had failed to appear in the action upon the service of a valid writ. The law does not regard such acts or agreements of the parties to a suit, not made in the presence of the court, or entered of record, as possessing in themselves such absolute verity as the official acts of the accredited officer of the court, whose duty it is to execute and return process, so far as regards the truth of the facts therein stated, as well as upon the reasons of public policy. The legal consequence of not appearing in obedience to

the mandate of a valid writ requiring an appearance, legally executed by the proper officer on the parties whose appearance is required, is essentially different from that attached to a like failure to appear in pursuance of the terms of an agreement entered into and signed as in this case by the parties so undertaking to appear.   In the former, the legal consequence is that judgment may be given upon such default against the parties so bound to appear.   In the latter, the failure to perform an agreement, if valid, may subject the parties so undertaking to a new action upon the agreement, but the court is not thereby warranted in proceeding to adjudicate the case or to pronounce any judgment upon the rights of the defendants ; but the adjudication must in such case remain suspended until the defendants shall be legally served with some valid process requiring their appearance in court to answer to the action, or they, by some action done in court, voluntarily appear and make themselves parties to the proceedings.   (*Clarey v. Morehouse*, supra.)   This doctrine we find has been enunciated by the supreme courts of several of the states.   Thus, in *Neill v. Baker*, 28 Tex. 345, the following instrument was relied upon as a waiver of process and acceptance of service :

"J. M. Baker, administrator, having instituted suit on a note given by A. Neill, William Rust and William S. Read for $950, due March 1, 1860 : Now, I, said Neill, hereby acknowledge service of said suit, and waive all process, this 8th April, 1860.

(Signed)          A. NEILL."

The court held that this could not be taken as a waiver of process or acceptance of service in this suit, because it clearly imports that the suit to which it relates had already been instituted at its date, whereas the suit had not been instituted until two days afterward.   And in *Clarey v. Morehouse*, supra,

an indorsement in writing upon a declaration, signed by the defendants, in which they state that they acknowledge service and waive the necessity of any process in the case, is held to be a mere agreement entered into by them, which cannot dispense with service of process and will not authorize a judgment by default.  The statutes of Arkansas governing commencement of an action and appearance by parties are very similar to those of Kansas.  In *McCormack v. National Bank*, supra, the court says :

"Jurisdiction of the person of the defendant in a civil action can only be acquired by the issuing of summons and the service thereof in one of the modes provided by statute, or by his voluntary appearance in court in person or by attorney and submission to the authority of the court.  An appearance is a proceeding in court, and must constitute a part of the record of the cause in which it is entered."

Indorsed upon the back of the complaint in the above action, which was one of ordinary adversary character filed in term, was the following signed by the defendants in vacation :  "We hereby enter an appearance to the foregoing action and waive the issuing and service of process."  The court held that this did not amount to an appearance of said defendants.  The statutes of Indiana are identical with those of Kansas as set out in this action.  This case was twice before the supreme court of Indiana, and was very carefully and fully considered.

From what we have already said, we are constrained to hold that there was no appearance by the defendants in any form recognized by law, and the court, therefore, had no jurisdiction to render any judgment against any of the defendants herein.  But it is insisted that while the agreement as herein set out may not technically constitute an appearance, still, the

applicant is estopped by the terms of the agreement from setting up in this action that it was not an appearance. We do not concur in that view of the case. Whether the agreement could have been made to have any legal effect whatever as between the parties, or in any other way, we need not and do not inquire; we have only to deal with the agreement as a jurisdictional question affecting a public tribunal, and not as it may affect the private rights of the parties, or any merely private interest. It is not a case, we think, in which the doctrine of estoppel can in any manner be applied so as to affect a question of jurisdiction in the court below. We will merely add that, as Bradley, Wheeler & Co. were not parties to this agreement, it could not in any possible way affect them, even if we had held that such an agreement constituted an appearance. The judgment will therefore be reversed, and the cause remanded, with instructions that the motion of defendants contesting the jurisdiction be sustained.

All the Judges concurring.