THE DUFF & REPP FURNITURE COMPANY v. SARAH A. READ, *as Administratrix, etc.*

No. 14,764. (88 Pac. 263.)

SYLLABUS BY THE COURT.

1. EXECUTION—*Wrongful Levy Under Void Judgment—Damages.* Where a party causes an execution to be issued upon a void judgment, and causes the officer to whom it is delivered to seize the property of one who was not a party to the action in which the judgment was rendered, the officer thereby becomes the agent of such party and the latter is liable for compensatory damages to the person injured thereby.

2. ——— *Punitive Damages — Mental Anguish — Expenses of Suit.* In such a case, if the party causing the writ to be is-

Duff v. Read.

sued and served in so doing acts with gross negligence, or wantonly or maliciously, he is liable for punitive damages in addition to compensatory damages, and mental suffering and expenses of the action are proper for the consideration of the jury in determining the amount of punitive damages to be awarded.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. Opinion filed December 8, 1906. Affirmed.

### STATEMENT.

DAVID J. READ, since deceased, purchased a stove of plaintiff in error, made partial payment at the time of purchase, and gave his promissory note, payable in instalments, for the balance of the purchase-price. He also gave a mortgage on the stove to secure the payment of the note. A condition of the note was that if any instalment were not paid on the day it became due the whole amount remaining unpaid should immediately become due and payable.

Some months thereafter plaintiff in error commenced an action of replevin in a justice's court against Mrs. D. J. Read for the recovery of the possession of the stove. The summons in replevin was not served, but was returned by the constable to whom it was delivered "without service, by order of plaintiff." The record of the justice of the peace shows that the replevin action was upon the day set for hearing continued by consent for twenty days. It does not show any appearance by defendant, or by whom consent was given. The defendant testified that she did not appear personally, was absent from the city, and did not authorize any person to appear for her. On the day to which the continuance was granted the justice, without summoning a jury, rendered judgment in favor of the plaintiff, and execution was issued thereon and delivered to a constable for service. The constable went to the home of David J. Read, which he found in charge of Read's daughter, and, being refused admittance by

her, forced the door open, and, being refused possession of the stove, took the same by force and overcame her resistance by threats of arresting her and taking her to the station.

David J. Read brought this action for damages against the plaintiff in error. Read died during the pendency of the action, which was revived in the name of Sarah A. Read, as administratrix. A trial was had, the jury by their verdict found that the stove had been paid for and allowed punitive damages, and a judgment was rendered against the plaintiff in error for $631.80. To reverse this judgment it brings the case here for review.

*Scarritt, Scarritt & Jones,* for plaintiff in error.

*Rush L. Fisette,* and *Bird & Pope,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: It is very difficult to follow the argument of plaintiff in error, for the reason that in the first sixteen pages of its brief it gives a résumé of the facts which it claims the evidence establishes, without a reference to a page of the record where the supposed evidence may be found, and in its argument refers, not to the record, but to its own statement of facts. Some of the eight assignments of error, however, have been argued with appropriate references to the record, and we allow this to save the case from dismissal for a violation of rule 10.

We think the evidence copied in the brief of plaintiff in error is sufficient to justify the court in overruling its demurrer to the evidence of plaintiff below and in refusing the peremptory instruction asked by it.

It is urged that the court erred in instructing the jury that if they found certain facts they might allow the plaintiff exemplary, or punitive, damages. The petition does not very fully state the facts relied upon for

this relief, but contains, in addition to the facts stated, conclusions of fact which the court probably would have required to be more definitely stated if a motion therefor had been filed by the defendant.  The evidence fully justified the instruction.

Again, it is said the court erred in excluding as evidence the record of the judgment and writ of execution in the case of Duff & Repp Furniture Company against Mrs. David J. Read.  We cannot so believe.  The judgment was void on its face for want of jurisdiction.  The record affirmatively showed that the summons in replevin was not served, and failed to show any appearance on the part of the defendant therein.  (*Bradley v. Harwi*, 2 Kan. App. 272, 42 Pac. 411.)  The mere recital in the record of the justice that the action was continued by consent, without a recital showing by whom the consent was given, and with no showing of any appearance by the defendant, is not a sufficient showing of jurisdiction.  A justice's court in this state is not a court of general jurisdiction, and no presumption of jurisdiction prevails in its favor.  (17 A. & E. Encycl. of L. 1084.)  On the other hand the evidence *aliunde* tended to prove that there was no appearance by the defendant, and, as the record affirmatively showed that no summons had been served upon the defendant, it follows that the court had no jurisdiction over her, and its judgment and process therein were void.  The record offered in evidence further affirmatively showed that the court had obtained no jurisdiction over the property and had no jurisdiction to adjudge the possession thereof.  The property claimed had not been taken, and the court could, at most, only render a money judgment for damages.  (Gen. Stat. 1901, § 5298.)  Moreover, if the judgment and record had been valid as against Mrs. Read, they were of no force as against her husband, and could in no way justify an entrance into his house by force and the seizing and deporting of his personal property and the terrorizing of his daughter

in charge thereof. The record of the judgment was properly excluded.

It is urged that, as the writ of execution was regular on its face, and as there was no evidence that the company by any of its officers was present or had directed the constable to do any of the acts complained of, the company is not liable therefor. The test is whether the wrongs complained of were committed within the scope and as a very part of the acts which his duty in serving the writ required the constable to perform. (*Mirick v. Suchy, ante,* p. 715.) The defendant is presumed to have known all the facts. It had procured a void judgment for the possession of the mortgaged property, after the debt had been fully paid, against one not the mortgagor and not in the possession of the property, and without any service of summons or appearance. It had caused execution to be issued on such judgment, and had presumably directed the seizure of the property of another, the mortgagor, as it sent its own employees and conveyance to take the stove away. It had sold the stove to the mortgagor, had placed it in his possession, and, after the commencement of the action against his wife, had full knowledge that it remained in his possession in his house, and had no reason to suppose the possession had changed. It knew the writ of execution was worthless and void, and on its face was not against David J. Read or his property; yet, with all this knowledge it placed this writ in the hands of the constable for the only conceivable purpose of inducing the constable, under this color of authority, to enter the home of David J. Read and seize and remove his cook-stove.

Where a levy is made by an officer under a process which is irregular, unauthorized or void, the party suing out the process is a trespasser, and in such a case the officer becomes the agent of such party. (3 A. & E. Encycl. of L. 246; *McLaughlin v. Davis,* 14 Kan. 168; *Connelly v. Woods,* 31 Kan. 359, 2 Pac. 773.)

Duff v. Read.

Again, it is urged that the court erred in allowing evidence of the value of the attorney's services in prosecuting the action. If punitive damages were allowable at all, the jury could consider the expenses of the action without any evidence. (*Titus v. Corkins*, 21 Kan. 722.) Surely, then, evidence as to any necessary expense in prosecuting the action is admissible.

As to the instruction of the court with reference to the amount of the purchase-price of the stove which remained unpaid, if any, it is sufficient to say that it was based upon the evidence introduced by the defendant, and the latter has therefore no ground for complaint thereof. The jury by their verdict found the purchase-price was fully paid. The amount of the judgment for damages seems large, but the circumstances indicate the most wanton, if not malicious, oppression on the part of the defendant, and that the original plaintiff and his family were thereby terrorized and subjected to great humiliation and disgrace among their neighbors.

We cannot say that the amount of damages allowed in the verdict is so large as to afford a presumption of prejudice of the jury, or of error on the part of the court in denying the motion for a new trial. The judgment is affirmed.

All the Justices concurring.