No. 823

SULIGAN and OMASEH v. HOLMES

Ohio Appeals, 7th Dist., Mahoning County
Decided Nov. 2, 1923

661. INTOXICATING LIQUORS.

1. Wife having given notice not to supply husband under 6203 GC. may sue bootlegger for furnishing intoxicating liquor to him.

355. DAMAGES.

2. Punitive damages may be allowed for unlawfully supplying husband with intoxicating liquors notwithstanding accused is liable to criminal prosecution.

3. Compensatory damages held not limited to means of sustenance of wife.

ROBERTS, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Holmes sued Suligan and Omaseh in Mahoning Common Pleas, alleging that for a long time defendants, as partners, had sold her husband intoxicating liquors, after being notified not to do so; and that, while intoxicated from liquor secured from defendants, her husband fell and broke his leg, and that, as the result of this injury, he had been unable to work for a long time, and had not provided the necessaries of life for his family. This action was brought under 6203 GC., which provides that a husband, wife, child, parent, guardian, brother or other person injured by an intoxicated person, or in consequence of the intoxication, shall have a right of action against the person selling or giving intoxicating liquors in whole or in part to such person, which causes such intoxication, provided no-

tice has been given, as required by 6205 GC. The jury returned a verdict for $5,000 for Holmes. It was urged that she could not recover if she had reasonable likelihood of securing a reasonable amount of food in the future, by securing credit or otherwise. Instructions that exemplary damages could be awarded, as a warning to prevent the repetition of the wrong or similar wrongs, was also assigned as error. It was claimed that the verdict of the jury was excessive. In affirming the judgment, the Court of Appeals held:

1. In order to recover under this statute, it is sufficient to show that the means of her future support have been cut off, or diminished below what is reasonable and competent for a person in her station in life and below what they otherwise would have been. 21 OS. 191.

2. Punitive damages may be allowed for the purpose of giving warning to others than the defendants themselves, even though the party is liable to criminal prosecution in addition to civil liability. 10 OS. 278.

3. The verdict in this case was not excessive. Compensatory damages to which this woman would be entitled under the law are not limited to means of sustenance.

Attorneys—Craver, Diser, Huey & Starre, for Suligan and Omaseh; P. B. Mulholland, for Holmes; all of Youngstown.