## 18820. McBRIEN v. HARRIS.

JENKINS, P. J. 1. "Sheriffs or their deputies may serve or execute all summonses, executions, or other processes issued from justices' courts, as such processes may now be served or executed by constables." Civil Code (1910), § 4915.

2. "As to personal property, the seizure, and not the official entry, con-

stitutes the levy." *Ayers* v. *State*, 3 *Ga. App.* 305 (3) (59 S. E. 924).

3. Where a deputy sheriff executes an attachment issued from a justice's court by levying on personal property as belonging to the defendant in attachment, and signs the entry of levy as deputy sheriff, and the defendant in attachment appears at the trial of the attachment case, and judgment is there rendered against him as defendant, and thereafter a general and special execution is issued in favor of the plaintiff and against the defendant, and the officer who seized the property under the attachment, without making an entry of levy upon the execution, advertises it for sale by posting notice as required by law, and, at the direction of the justice, on the day of the sale, cries off the property, it will not be presumed that the officer, in conducting the sale, was illegally undertaking to act as a constable and not as a deputy sheriff, and the purchaser at that sale acquires good title to the property as against the defendant in the attachment proceeding.

4. Under the foregoing rulings, the court erred in directing a verdict for the defendant in attachment, suing in trover to recover the property from one holding under the purchaser at such sale.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 13, 1928.

*Rosser & Shaw,* for plaintiff in error.