# DAN LUNDGREN v. WESTERN STATE BANK OF DULUTH.[1]

August 4, 1933.

No. 29,291.

*Theodore Hollister* and *Lathers & Hoag,* for appellant.

*Mitchell, Gillette, Nye & Harries* and *Harry W. Lanners,* for respondent.

*LORING, Justice.*

The defendant had a directed verdict in an action for conversion of personal property by the alleged wrongful levy of an execution thereon. Plaintiff has appealed from the judgment and from an order denying his motion for a new trial.

[1]Reported in 250 N. W. 1.

In an action wherein this defendant (hereinafter designated as the bank) was plaintiff and one Gust N. Lundgren, this plaintiff's brother, was defendant, the bank recovered a judgment on a debt to secure which it held a mortgage. Apparently it was the original purpose of the bank to have an execution in that action returned unsatisfied and to foreclose its mortgage by advertisement; but the sheriff disregarded any instructions to that effect, if given, and levied upon certain personal property. Evidence on the part of the plaintiff was introduced tending to show that soon after the levy demand was made on the sheriff and on this defendant to release that part of the property alleged to belong to this plaintiff, and that the bank refused to release. The property in question was a logging outfit stored on or near premises owned or leased by Gust Lundgren and with similar property owned by him. The sheriff seized the entire mass of property under the levy and posted notices of the seizure. This levy was made in March, 1927, and the property was destroyed by fire in October, 1927, before any sale had been made. It was in June, 1927, that it is claimed by plaintiff that demand was made by Gust Lundgren in his behalf that plaintiff's property be released. There is evidence tending to support this claim. Some evidence appears in the record tending to show that some part of the property was stolen from the premises, but whether before or after the levy or before or after the alleged demand does not appear and no point is made on this score. No proceedings were had under 2 Mason Minn. St. 1927, § 9340.

It is the law that when an execution is placed in the hands of the sheriff without further instructions the party suing out the execution will not be liable for a wrongful levy made thereunder unless he orders or directs the officer or participates directly or otherwise than by merely causing the issuance of the execution. But if the sheriff wrongfully seizes property belonging to a person other than the judgment debtor and upon demand the judgment creditor refuses to direct a release, he ratifies the sheriff's trespass and becomes responsible in damages therefor. Bowers, Conversion, § 265; 23 C. J. § 1228; Hyde v. Cooper, 26 Vt. 552; Wilkinson v.

Harvey, 15 Ont. 346; Chua Doc De v. Artadi & Co. 28 Phil. Rep. 178, 188.

We think that in the case at bar there was sufficient evidence of ratification to make an issue of fact. Its weight and credibility was for the jury. The plaintiff's brother, Gust Lundgren, testified that on the eighth day of June he wrote and mailed to the bank a letter which reads as follows:

"I hereby make demand that you release all of my brother's property that you levied on in March. Demand made on behalf of my brother. You will have to pay some damages. Must be released at once."

He also testified that he talked to one of the officers of the bank and asked him if he received this letter and if he was going to release his brother's property. It seems that at that time he was assessor in the township where the property was located and that he proposed to assess the property in the name of the bank if it did not release. At another place in the record he testifies that he described what the property was that his brother owned and offered to give the defendant a list of it, which was refused. He also claimed to have talked to the sheriff requesting a release of the levy and that the sheriff or his deputy called up the bank in his presence and told it that he was demanding a release of this plaintiff's property and that the officer at that time told the bank that they could sell his property but not the plaintiff's, but that the bank refused to permit the sheriff to release the plaintiff's property.

The bank contends that since the plaintiff made no demand under 2 Mason Minn. St. 1927, § 9340, he has no cause of action. That section by its terms relieves the sheriff from liability but does not relieve a judgment creditor. We have carefully examined the cases cited by respondent but can come to no other conclusion. The statute prevents a suit by a third party against the officer unless a demand is made and is for his protection, but does not relieve the creditor. To do so would require language which we do not find in the section.

The bank also contends that only the interest of Gust Lundgren in the seized property was levied upon and that hence there was no levy on plaintiff's property. The sheriff assumed to seize and post notices of levy, and this was an exercise of dominion and possession inconsistent with plaintiff's ownership. It amounted to a conversion and, were it not for the statute, would render him liable.

The fact that the fire did not occur until October is immaterial. The conversion by this defendant was complete in June if plaintiff's testimony is to be believed.

The order and judgment are reversed.

*STONE, Justice,* took no part.