Richard FRANK, Plaintiff and Respondent,

v.

William A. SCHAFF and Caroline Schaff, Defendants and Appellants.

No. 8098.

Supreme Court of North Dakota.

Oct. 9, 1963.

Vogel, Ulmer & Bair, Mandan, for defendants and appellants.

Maurice G. LaGrave, Mandan, for plaintiff and respondent.

STRUTZ, Judge.

This is an action for damages for conversion of personal property. The plaintiff and the defendants were the owners of a section of land in Grant County, the plaintiff having title to two quarters and the defendants owning the other two quarters in the section. The parties discussed the matter of installing a line fence between their properties, and in furtherance of this idea the plaintiff and the defendant William Schaff attempted to determine the party line between their properties where such fence would be erected. After attempting to locate such party line, the defendant William Schaff felt that they had not been able to properly locate the dividing line and he decided to hire a surveyor to establish such line. There is evidence in the record that he informed the plaintiff that he was not satisfied with their joint attempts to locate the party line and that he was going to hire a surveyor to determine it. Before the defendant was able to have the property surveyed, however, the plaintiff erected a fence at his own expense, placing the fence on the line which the parties had tentatively determined to be the border between their properties. Admittedly, a portion of the fence erected by the plaintiff was on the defendants' land. After the surveyor retained by the defendant William Schaff had determined the correct property line, the defendant informed the plaintiff that he would have to move and relocate the fence and place it either on the plaintiff's land or on the property line.

At the time the defendant made his demand, he told the plaintiff that there was no

particular hurry about moving the fence, but that it should be done without too much delay. In the defendant's own words,

" * * * I told him he don't have to move the fence today, but he's got to move it sometime in the near future. He says he was making hay."

The plaintiff never did get around to moving his fence. After some months' delay, during which time the plaintiff and the defendant had further difficulties because the defendant became convinced that the plaintiff had in his possession one of the defendants' cows, the defendant William Schaff called on the plaintiff one Sunday noon and informed him that he would have to move the fence before nightfall of that day or the defendant would take down the fence himself. On failure of the plaintiff to act, the defendant, on the following day, did remove that portion of the fence which was located on his land. Instead of delivering the posts and wires to the plaintiff, however, the defendant kept the material and refused to turn it over to the plaintiff until the plaintiff should deliver to him the cow belonging to him which he claimed the plaintiff had in his possession.

After repeated demands and refusals to deliver up the fence material, the plaintiff brought this action for conversion, suing for the value of the fence and also demanding exemplary damages because of the malicious and oppressive conduct of the defendants. The case was tried to the court without a jury. The court found that the defendants were guilty of conversion and awarded damages to the plaintiff in the sum of $448. These damages were designated in the findings as "the reasonable value" of the fence and such damages were arrived at, according to the plaintiff's testimony, by adding the cost of the materials which had gone into the fence, such as posts, wire, and staples, which materials—according to the plaintiff—were of the reasonable value of $248.96, plus the cost of labor for putting up the fence, which labor cost was fixed by the plaintiff at $200. No award was made by the court for exemplary or punitive damages.

The defendants have appealed to this court from the judgment for the plaintiff, contending that the fence which had been wrongfully attached by the plaintiff to the land of the defendants became the property of the defendants when such fence was attached to their land, and that the defendants therefore could not be guilty of conversion of their own property. The defendants further contend that, if they were, in fact, guilty of conversion, the damages awarded to the plaintiff were excessive in that such damages included the value of the plaintiff's labor in erecting the fence on the defendants' property; that, in any event, having located the fence on the defendants' land, the plaintiff was obligated to remove the same and therefore was not entitled to any damages for the cost of labor in wrongfully placing the fence on the defendants' land in the first place.

■■ We have examined the record, and we believe that the evidence fully sustains the trial court's finding in determining that the defendants were guilty of conversion of the plaintiff's property. At no time did the defendants claim that the fence belonged to them on the ground that it had been affixed to their property. Under our law, when a person affixes his property to the land of another without an agreement permitting him to remove it, the property so affixed belongs to the owner of the land, "unless he chooses to require the former to remove it." Sec. 47–06–04, N.D.C.C.

Here, we have evidence which not only points to an agreement between the parties for the building of a fence on the party line between their properties, but there is undisputed evidence to the effect that the defendants chose to require the plaintiff to remove his property which had been wrongfully affixed to their land when it became apparent that it was not located on the party line between their properties. In other words, the defendants recognized that the

fence affixed to their land was not their property.

After the defendants had taken down the plaintiff's fence, they demanded that the plaintiff deliver to them one of their cows, which they alleged was in the possession of the plaintiff, as a condition for the delivery of the fence materials which they had removed. Thus the defendants wrongfully refused to deliver the plaintiff's property to him on demand.

The defendants clearly had the right to remove the fence from their property, but they had no right to wrongfully deprive the plaintiff of it after having removed it. This court has held that the essence of conversion is not the acquisition of the property but the wrongful deprivation of it to the owner. Leach v. Kelsch (N.D.), 106 N.W. 2d 358.

■ Therefore, the essence of conversion is not in acquiring the property but in wrongfully depriving the owner of it, whether such depriving is temporary or permanent. It is not important that the defendants received no benefit from their withholding possession of the property from the plaintiff. 89 C.J.S. Trover and Conversion § 3, p. 533.

Having determined that the defendants were guilty of conversion of the plaintiff's property, we next consider the question of damages.

The court awarded no exemplary damages for conversion, although exemplary damages were demanded by the plaintiff and although exemplary damages could have been awarded if the court had found that the evidence showed oppressive, malicious, or fraudulent conduct on the part of the defendants with respect to the property converted. Neidhardt v. Siverts (N.D.), 103 N.W.2d 97; Lamoreaux v. Randall, 53 N.D. 697, 208 N.W. 104, 44 A.L.R. 1315.

■ Actual damages, however, can be awarded only for actual losses suffered by the plaintiff. Coan v. Plaza Equity Elevator Co., 61 N.D. 627, 239 N.W. 620. Our law specifically provides for the measure of damages for wrongful conversion of personal property. Sec. 32–03–23, N.D.C.C. This section provides that the measure of damages for such wrongful conversion is either the value of the property at the time of the conversion, with interest from that time; or, if the action is prosecuted with reasonable diligence, the highest market value of the property between the time of conversion and the verdict, without interest, at the option of the injured party. The statute further permits a fair compensation for the time and money which the owner of the property has properly expended in pursuit of his chattels. The evidence in this case is to the effect that the personal property converted by the defendants was of the value of $248.96 at the time of conversion. There being no evidence that its value increased between the time of conversion and the time of the verdict, and there being no evidence as to the value of the time or the money spent by the plaintiff in recovering his property, damages for the plaintiff must be limited to the value of the property at the time of conversion, with interest from that time.

■ Surely the labor spent by the plaintiff in wrongfully placing his fence on the defendants' property could not be included in the value of the property. The plaintiff therefore was not entitled to include the $200, representing labor in erecting the fence on the defendants' land, as a part of the value of the property converted.

The judgment of the district court is modified to deduct from the value of the property converted the cost of labor in building the fence, and the court is directed to enter judgment for the plaintiff for the sum of $248.96, the value of the property converted at the time of conversion, with interest thereon from the date of such conversion.

MORRIS, C. J., and ERICKSTAD, BURKE and TEIGEN, JJ., concur.