Ole CHRISTENSEN, Plaintiff and Respondent,

v.

FARMERS STATE BANK OF RICHARDTON, a state banking corporation, and Thomas Dardis, Defendants,

Farmers State Bank of Richardton, a state banking corporation, Defendant and Appellant.

Civ. No. 8452.

Supreme Court of North Dakota.

March 1, 1968.

Rehearing Denied March 29, 1968.

Freed, Dynes & Malloy, Dickinson, for appellant.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for respondent.

PAULSON, Judge.

This is an appeal from a judgment for damages in conversion, and from an order denying a motion for judgment notwithstanding the verdict, or for a new trial.

The plaintiff, Ole Christensen, commenced an action for damages for conversion of certain farm machinery against the Farmers State Bank of Richardton, North Dakota, and Thomas Dardis, the acting sheriff of Dunn County, North Dakota. The case was tried to a jury and a verdict was rendered in favor of Ole Christensen for the sum of $900 as compensatory damages against the bank. The action against the sheriff was dismissed. The bank made a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. The motion was denied by the trial court and the bank appealed.

Ole Christensen was at all pertinent times the owner of certain tracts of farm land situated in Dunn County, North Dakota, which he had farmed for a number of years. Mr. Christensen's wife was a schoolteacher, teaching in the State of Washington. In the spring of 1965 Mr. Christensen suffered a leg injury and shortly thereafter his son, David Christensen, returned to North Dakota from the State of Washington where he had been employed as a telegrapher and assisted in the farming operations during the summer of 1965. The father, Ole Christensen, left North Dakota during the month of August 1965 to live with his wife in the State of Washington. Neither Ole nor David had made any plans for the farming of the land at the time that Ole left for Washington because David Christensen had planned to return to school in the fall of 1965.

Shortly after arriving in the State of Washington Ole received from his son a form of feeder agreement which his son requested that Ole Christensen sign. Ole refused to sign this agreement and, on September 15, 1965, returned to North Dakota. Ole and David thereafter executed a farm contract whereby David leased a quarter of land from his father, which land would be used primarily to conduct a feeder operation during the winter of 1965–66. The contract was to expire May 15, 1966. Ole then returned to the State of Washington. The farm machinery which was the subject of this action was left on the farm in the care of David.

In October 1965 David and his wife, Marlene, without Ole's knowledge, executed a chattel mortgage to the appellant bank on the farm machinery owned by Ole Christensen. Mr. D. W. Knudson, executive officer of the bank, compiled the financial information prior to making the loan and he, at the time, was fully aware that the land which David was occupying was owned by Ole. The banker also knew that the feeder contract had not been signed by Ole Christensen. The bank loaned David more than $12,000 on the basis of the feeder contract and the chattel mortgage.

Ole Christensen returned to North Dakota during the month of February 1966 and discovered that his son, David, was drinking heavily and neglecting the livestock. Ole, early in April of 1966, contacted Mr. Knudson and informed him of David's drinking problem and that, as a consequence, the cattle were being neglected. Knudson investigated and later made arrangements to dispose of the cattle. David left the farm about May 1, 1966, after a dispute with his father, and thereafter resided elsewhere. Ole continued to reside on the farm after that date.

David failed to make the payments due on the promissory note which was secured by the chattel mortgage, and the appellant commenced foreclosure of the mortgage during the month of July 1966. Neither David nor his wife contested the foreclosure action and judgment was entered by default. The appellant, under date of August 29, 1966, secured a special execution from the Clerk of Court of Stark County, North Dakota, and on September 7, 1966, Thomas Dardis made a trip to Ole's farm to make the levy in accordance with the execution. The appellant had instructed the sheriff that it desired that the property be removed from the Christensen farm and transported to Richardton, North Dakota, some 40 miles distant. Knudson, at the time the levy was made, accompanied the sheriff, as well as an implement dealer from Richardton whose equipment was used to haul some of the machinery from the farm. None of the Christensens were present at the farm when the levy was made and the machinery removed. Some of the machinery was parked on a lot owned by the implement dealer and the remainder was parked on a street adjacent to the lot in Richardton, and it was not moved again until it was returned to Ole's farm.

Ole Christensen returned to his farm in the morning of September 8 and discovered that his property was missing. On the same day, Sheriff Dardis informed Ole that the property had been levied upon and transported to Richardton and, at the same time, he served upon Ole a copy of the notice of levy. Thereafter, on the 9th day of September 1966, Ole personally and through his attorneys demanded that the appellant immediately return the property. The appellant did not return the property at once, but apparently consulted with its attorneys and subsequently returned the property to Ole's farm on September 15, 1966. However, appellant, through the sheriff, on September 14, 1966, filed the notice of levy on the farm machinery with the Register of Deeds of Dunn County.

The appellant enumerates certain specifications of error, as well as specifications of insufficiency of the evidence. Summarized,

these specifications present the following pertinent issues:

1. The appellant bank did not as a matter of law commit a conversion because it was acting only as the aider and abettor of the sheriff in levying under the special execution.

2. The trial court failed to instruct the jury that the appellant had a reasonable period after demand was made for the property during which it could hold the property in order to ascertain its ownership.

3. The trial court erred in not granting appellant's motion for a judgment notwithstanding the verdict.

4. The trial court erred in not granting the appellant's motion in the alternative for a new trial, especially with reference to damages.

The first question to be determined is whether a judgment creditor may be held liable following a levy under process on property not owned by the judgment debtor. The appellant urges that, as a matter of law, it cannot be held liable for conversion, basing this contention on two theories. The first theory is that the appellant was only acting as the agent of the sheriff in carrying out the levy and since the sheriff was not found to be liable, the appellant could not be liable. The second theory is that, under the principles set forth in Renner v. J. Gruman Steel Company (N. D.), 147 N.W.2d 663, the sheriff cannot be held liable for acting under process valid on its face and, therefore, the appellant could not be liable for directing the sheriff, participating in the levy, or later ratification of what was, in the first instance, a legal act.

In regard to the first theory, it seems clear to this court that at the time the demand for the return of the property was made upon the judgment creditor, it was not acting as agent of the sheriff and was not aiding and abetting in the levy. At that time the judgment creditor was exercising dominion over property to which it had no claims in derogation of the rights of the plaintiff. In regard to the second theory, the appellant relies upon the case of Renner v. J. Gruman Steel Co., supra, for a proposition which is not contained therein, and which, because the question of the sheriff's liability is not before us in this case, we do not have to pass upon. That proposition, simply stated, is that a sheriff who levies upon the property of a person, not the judgment debtor, is not subject to liability for that levy if he was acting under process valid on its face. The *Renner* case does not stand for that proposition. It does stand for the principle that a sheriff acting under a process valid on its face is not liable to a *judgment debtor* for errors made in the execution of his duties under the North Dakota attachment statute. This case, as pointed out above, is not the proper vehicle for making the conceptual leap from the principle stated in *Renner* to the proposition expostulated by the appellants. In Cole v. Edwards, 52 Neb. 711, 72 N.W. 1045, 1046, the court stated:

"* * * There is not in this case any evidence that the plaintiffs to the writ directed a levy on the property in controversy, but it does appear that before its sale they were notified of its ownership, and requested to release it, and they refused to do so. We have no doubt that this was an adoption and ratification of the constable's acts, and rendered them liable as trespassers ab initio. It is said that the goods were not then in possession of the creditors, but in that of the constable, and that, therefore, it was not in their power to comply with the demand [for release of the property]. But the plaintiff has control of such a writ, and may require the officer to release his levy." [Insertion ours.]

In Lundgren v. Western State Bank of Duluth, 189 Minn. 476, 250 N.W. 1, 91 A.L.R. 919, the sheriff levied on a number of items of personal property, some of which were owned by the plaintiff and

some owned by the judgment debtor, plaintiff's brother. The plaintiff sued the judgment creditor for conversion. The Minnesota Supreme Court stated, 250 N.W. at page 2:

"It is the law that when an execution is placed in the hands of the sheriff without further instructions, the party suing out the execution will not be liable for a wrongful levy made thereunder * * *. But if the sheriff wrongfully seizes property belonging to a person other than the judgment debtor and upon demand the judgment creditor refuses to direct a release, he ratifies the sheriff's trespass and becomes responsible in damages therefor."

The appellant's activities in the case at bar come within the principles announced in Cole v. Edwards, supra, and Lundgren v. Western State Bank of Duluth, supra. After demand by the respondent in this case, appellant refused to release the property, and, prior to finally releasing the property, ordered the sheriff to file a notice of levy with the register of deeds to Dunn County We hold that these acts were quite sufficient to sustain the finding that the appellant converted the respondent's chattels.

The appellant further contends that it could not be separately liable because it exercised no control over the property, nor did it receive any benefit from the property. Conversion consists of a positive tortious act, a tortious detention of personal property from the owner, or its destruction, or a wrongful exercise of dominion over the property inconsistent with, or in defiance of, the rights of the owner. Fargo Loan Agency v. Larson, 53 N.D. 621, 207 N.W. 1003; Farmers State Bank v. Bowles, 52 N.D. 553, 203 N.W. 903, 40 A.L.R. 377; Taugher v. Northern Pacific Ry. Co., 21 N.D. 111, 129 N.W. 747. The gist of a conversion is not in acquiring the complainant's property, but in wrongfully depriving him of it, whether temporarily or permanently, and it is of little re-

evance that the converter received no benefit from such deprivation. Frank v. Schaff (N.D.), 123 N.W.2d 827; Leach v. Kelsch (N.D.), 106 N.W.2d 358.

The next issue raised by the appellant is the failure of the trial court to instruct the jury that the appellant was entitled to retain the property for a reasonable period of time in order to properly determine ownership, where ownership is uncertain or in dispute. The trial court submitted written instructions to the attorneys for both parties and asked for exceptions in accordance with Rule 51(c), N.D.R.Civ. P. No exception for failure to give an instruction on reasonable detention was taken, nor was such an instruction requested. The following quotation from Geck v. Wentz (N.D.), 133 N.W.2d 849, 852, is pertinent:

"This court in Mann v. Policyholders' Nat. Life Ins. Co., 78 N.D. 724, 51 N. W.2d 853, held: 'When a trial court writes out his instructions and gives them to counsel in time for their examination before delivery thereof he may require them to designate any parts thereof that they deem objectionable and if no parts are so designated all exceptions thereto are waived.' This is in harmony with what rule 51(c) requires. We, therefore, cannot consider the error assigned under Specification of Error No. 5."

In the instant case, for the same reasons, we cannot consider appellant's specifications of error in regard to the failure to instruct on a reasonable period of detention.

The appellant also specified as error the failure to give certain enumerated instructions. These instructions were not included as part of the original record on appeal, but, subsequent to the oral argument, the Stark County clerk of court forwarded them and certified them as part of the record. Although the relevant statutes place the duty of transmitting the record upon the clerk of court we think it the responsibility of the appellant to ensure that

the complete record is before this court. However, in the instant case, in the interests of justice, we have considered the requested instructions which are now before us.

The essence of the requested instructions which are still of pertinence (defendants' requested instructions Nos. 8 and 9) is that a judgment creditor's liability could not be independent from that of the sheriff making the levy, and that one cannot be liable for conversion who exercises no independent possession or control over the property claimed to be converted. In our earlier discussion herein we demonstrated how the liability of the sheriff and the judgment creditor could be separate. We therefore find no error in denying the requested instructions to the effect that their liability could not be separate.

■ The third contention of the appellant is that the trial court erred in not granting the motion for judgment notwithstanding the verdict. A review of the record before us does not indicate that the appellant made a motion for a directed verdict by name at the close of all of the evidence. Under Rule 50(b), N.D.R.Civ.P., such a motion is a necessary prerequisite to a motion for judgment notwithstanding the verdict. Haga v. Cook (N.D.), 145 N.W.2d 888. A motion for a judgment notwithstanding the verdict must challenge the correctness of the trial court's ruling on a motion for a directed verdict and if it does not do so, it is a nullity. Kinnischtzke v. City of Glen Ullin, 79 N.D. 495, 57 N.W.2d 588. On this ground alone the appellant's motion for judgment notwithstanding the verdict may have been denied. However, the appellant did make a motion to dismiss the plaintiff's case at the close of all of the evidence, and counsel for both parties, as well as the trial court, considered this motion as a motion for a directed verdict. This court will, for the purposes of this case, consider the motion to dismiss as equivalent to a motion for a directed verdict, thus allowing a determination of the propriety of denying the motion for judgment notwithstanding the verdict.

■ A motion for judgment notwithstanding the verdict should not be granted unless the moving party is entitled to judgment on the merits as a matter of law. Olson v. Cass County Elec. Co-op, Inc. (N.D.), 94 N.W.2d 506. The questions of law raised by the appellant in support of its motion for judgment notwithstanding the verdict have been answered adversely to the appellant's position in previous portions of this opinion. The law of conversion does not, on the facts of this case, require a finding of no liability on appellant's part. Viewing the evidence in a light most favorable to the verdict [Hook v. Crary (N.D.), 142 N.W.2d 140], we find that the verdict was justifiable and will not disturb it.

The final pertinent issue raised by this appellant is whether the trial court erred in not granting the appellant's motion for a new trial. This motion was based on several grounds. All of the pertinent ones have previously been discussed, with the exception of the contention that the jury awarded excessive damages under the influence of passion and prejudice, and that it rendered an improper verdict because punitive damages were added to the verdict, which verdict purported to be one for compensatory damages only.

■ A motion for a new trial based on the ground that excessive damages were awarded under the influence of passion and prejudice is addressed to the sound judicial discretion of the trial court and this court will not interfere unless a manifest abuse of discretion is shown. Lake v. Neubauer (N.D.), 87 N.W.2d 888. The trial court in its memorandum opinion in the instant case determined that the damages awarded were liberal but were not the result of passion and prejudice. After reviewing the evidence, we agree with the trial court and thus find no abuse of discretion in refusing to grant a new trial on this ground.

The second contention in regard to damages is based primarily on an affidavit of Albert J. Lengowski, the foreman of the jury. Appellant asserts that this affidavit proves that the jury improperly compromised the verdict by including punitive damages in the compensatory damage award. If use of an affidavit of this nature were permissible, we would still be confronted with the question of determining whether the statements in the affidavit were subject to interpretations differing from those set forth by the appellant. However, under Rule 59(b), N.D.R.Civ.P., such affidavits are not to be employed. Only an affidavit showing that the verdict or finding requested was arrived at by chance is authorized under this rule. Grenz v. Werre (N.D.), 129 N.W.2d 681. The affidavit in question dealt with alleged compromise and did not contain any allegations that any methods involving chance were used. Therefore, its use in an attempt to impeach the verdict will not be permitted.

Appellant's other specifications of error and insufficiency of the evidence are either repetitive or of no consequence. The instructions given by the trial court adequately state the law applicable to the case and were not such as to mislead the jury.

For the reasons stated in the foregoing opinion the judgment and the order denying the motion for judgment notwithstanding the verdict or for a new trial are affirmed.

TEIGEN, C. J., and STRUTZ, ERICKSTAD and KNUDSON, JJ., concur.