2000 OK CIV APP 22

**Jack I. PRYOR, Plaintiff/Appellant,**

v.

**MID–WEST INVESTIGATIONS & PROCESS SERVING, INC., Defendant/Appellee.**

No. 92,535.

Court of Civil Appeals of Oklahoma, Division No. 1.

Feb. 4, 2000.

Jack I. Pryor, Norman, Oklahoma, Appellant, Pro se.

Derrick T. DeWitt, Oklahoma City, Oklahoma, For Appellee.

## OPINION

CARL B. JONES, Presiding Judge:

¶1 Plaintiff/Appellant took a default judgment in small claims court against Defendant/Appellee. Defendant filed a timely Motion to Vacate Judgment which was granted. Plaintiff appeals that order vacating the previously granted judgment.[1] Plaintiff appears pro se.

¶2 This Court's review of an order vacating a default judgment is limited by the following principles:

"It is the policy of the law to afford every party to an action a fair opportunity to present his side of a cause..... [A]n order vacating judgment will not be disturbed on appeal unless it clearly appears that the trial court has abused its discretion. Such discretion should always be exercised to promote the ends of justice, and a much stronger showing of abuse of discretion must be made where a judgment has been set aside than where it has been refused."

*Midkiff v. Luckey*, 1966 OK 49, 412 P.2d 175, 177 and cases cited therein.

¶3 In addition to vacating the default judgment, at the same hearing the trial court denied a motion of the Plaintiff which essentially was an objection to Mr. McKee (Defendant's president and owner and a non-lawyer) appearing on behalf of the corporate defendant. The trial court pointed out to Plaintiff that an Oklahoma Bar Association

---

1. An order vacating a judgment is an interlocutory order appealable by right. Rules 1.40(d) and 1.60(a), Oklahoma Supreme Court Rules, 12 O.S. Supp.1998, Ch. 15, App.

Rule found at 5 O.S.1999 Supp., Ch. 1, App. 1, § 6, permits a corporate officer to appear on behalf of the corporation in small claims courts.[2] Plaintiff's motion/objection was properly overruled.

¶4 Appellant raises several issues on appeal: (1) that service of process pursuant to 12 O.S. Supp.1996 § 2004(C)(6)[3] creates a rebuttable presumption that a defendant served with process pursuant to that section has actual knowledge of the pending hearing and that the default judgment rendered could only be vacated if the defendant denied under oath that he knew about the hearing;[4] (2) that the default judgment should not have been vacated because there was substantial evidence that the previous attempts at service had failed because defendant was intentionally evading service; (3) that appellant was denied due process because the president of defendant corporation, a non-lawyer, was allowed to represent the corporation in small claims court; and (4) the defendant's president breached his fiduciary duty to the corporation and the trial court should have thus refused to allow its president, Mark McKee, to represent the corporation in small claims court.

¶5 As is typical of small claims cases, the record is sparse. The hearing on the Motion to Vacate was not transcribed but a narrative statement in lieu of transcript was prepared by Plaintiff and approved by the trial court pursuant to Rule 1.30, Oklahoma Supreme Court Rules, 12 O.S. Supp.1998, Ch. 15, App. A hearing was held for the purpose of approving the narrative statement where the trial judge added some clarification. The trial court clarified for the Plaintiff why Mr. McKee, as president of the Defendant corporation could appear on the corporation's behalf in small claims court. There is no question that this is permissible in Oklahoma small claims courts. The record reflects that the trial court reviewed the Defendant's affidavit and found good cause to grant the Motion to Vacate. The Motion to Vacate is in the record, but the Defendant's affidavit which was relied upon by the trial court is not found.

¶6 Legal error may not be presumed from a silent record; it must be affirmatively demonstrated. On review, we always indulge in the presumption that a trial court's decision is correct; every fact not disputed by the record must be regarded as supporting the trial court's judgment. *First Federal Savings and Loan Association v. Nath*, 1992 OK 129, 839 P.2d 1336, 1342. The appellant has the responsibility for incorporating into the appellate record all materials necessary to secure corrective relief from the trial court's adverse decision. *Davidson v. Gregory*, 1989 OK 87, 780 P.2d 679, 682.

¶7 Regarding service of process, at issue is the service of a Fourth Alias Petition. Because of previous unsuccessful attempts to serve the Defendant, the Fourth Alias Petition and Order to Appear was posted on the front door of Defendant's business address, was mailed by certified mail, return receipt requested (restricted delivery), and by regular first class mail to Defendant's business address. There is no evidence that Defendant received any of these attempts at service. After the default judgment was granted, Plaintiff's attempts to execute on the judgment resulted in Defendant's filing the Motion to Vacate.

¶8 Although it is possible that the Defendant was aware of the attempts to serve him

2. In [an] action filed and tried under the Small Claims Procedure Act ... the word 'person' and 'claimant' as therein used shall include corporations, ... and other legal entities, so that corporations, ... may, by and through a corporate officer or regular full time employee, execute the statutory affidavits and proceed as any other person or claimant is authorized to proceed under the act." 5 O.S.1999 Supp., Ch. 1, App. 1, Art. II, § 6.

3. Title 12 O.S. Supp.1996 § 2004(C)(6) provides as follows:

"If service cannot be made by personal delivery or by mail, a defendant of any class referred to in division (1) or (3) of subparagraph c of paragraph 1 of this subsection may be served as provided by court order in any manner which is reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard."

4. Appellant's contention relative to the rebuttable presumption is neither borne out by the statute in the preceding footnote, nor supported by any other authority.

with process and was possibly trying to avoid service, the trial court was apparently persuaded otherwise. Plaintiff states there was substantial evidence that Defendant was intentionally avoiding service of process. There is no such evidence in the record. The only thing substantial are Plaintiff's allegations to that effect. Without knowing the contents of Defendant's affidavit submitted in support of its Motion to Vacate, it is impossible to conclude that this was an abuse of discretion.

¶ 9 Plaintiff's due process argument is without merit. It sounds as though Plaintiff is saying that he is being denied due process by the trial court protecting the Defendant's right of due process. Plaintiff has had his day in court and will be given another. The trial court was obviously concerned about Defendant also having, and not being denied, its day in court.

¶ 10 Plaintiff's final allegation is also without merit. Whether other stockholders in a corporation may have a cause of action against a corporate officer for allowing a default judgment to be taken against the corporation is an interesting, but purely academic question. Plaintiff certainly has no standing to assert such a cause.

¶ 11 To reverse a trial court on the ground of abuse of discretion it must be found that the trial court made a clearly erroneous conclusion and judgment against reason and evidence. *Abel v. Tisdale,* 1980 OK 161, 619 P.2d 608, 612. Vacating the default judgment under the circumstances present, so as to allow Defendant to have its day in court, was not an abuse of discretion.

¶ 12 AFFIRMED.

¶ 13 GARRETT, J., and BUETTNER, J., concur.