2002 OK CIV APP 85

**Dr. Shahriar ADIBI and Mrs. Mojgan Adibi, Plaintiffs/Appellees,**

v.

**PRESTIGIOUS HOMES BY FRANK SA-DEGHY, INC. and Frank Sadeghy, Defendants/Third–Party Plaintiffs,**

v.

**The Bank of the West, Third–Party Defendant,**

v.

**Pantea Sadeghy, Appellant.**

**No. 95,054.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Aug. 23, 2002.

George M. Makohin, Oklahoma City, OK, for Plaintiffs/Appellees.

David N. Livingston, Oklahoma City, OK, for Appellant.

Opinion by KENNETH L. BUETTNER, Judge:

¶ 1 Plaintiffs Shahriar and Mojgan Adibi (Adibis) recovered a judgment against Frank Sadeghy and Prestigious Homes by Frank Sadeghy, Inc. (Sadeghy) for more than $100,000. As judgment creditors, they sought special execution and levied on personal property of Sadeghy and his corporation located at Sadeghy's home in Edmond, Oklahoma. Pantea Sadeghy (Mrs. Sadeghy), not a party to the lawsuit, claimed ownership of the seized property and requested its return. The District Court denied her motions for turnover and motion for new trial. We affirm.

¶ 2 Mrs. Sadeghy filed her Claim of Ownership and Motion of Pantea Sadeghy for Turnover Order to Oklahoma County Sheriff January 7, 2000. She alleged that the house in Edmond was her personal residence and that although she and Sadeghy were married, they had separated in February 1999. She further alleged that the Special Execution was issued by the court clerk, not the court, and that the court did not authorize a forced entry into her home while she was away. She averred that when she returned home, she found her burglar alarm activated and that a large amount of her personal belongings had been removed. She also claimed that items of jewelry, not included on the inventory, were missing. She finally stated that all of the property taken was her personal property and seized illegally because she was not the judgment debtor and that the sheriff did not have authorization to break into her home and seize her property.

¶ 3 Her motion was verified. Exhibits to the motion were the inventory of property seized, a copy of the Special Execution to the sheriff, and a car registration for a 1996 Chevrolet Camaro titled in Sadeghy's name and showing the Edmond address. The only specific relief requested was a return of the seized items.

¶ 4 The Adibis responded that the personal property levied upon was not her separate property and that it was lawfully seized pursuant to a lawfully issued execution. They also stated that Mrs. Sadeghy's claim of ownership was insufficient both as a matter of law and fact, and that she failed to comply with District Court Rule 4 by failing to submit a brief in support of her motion. They stated that Mrs. Sadeghy did not state or otherwise show how the property could be her separate property and that mere absence of the husband from the home did not transform marital property into separate property. They argued that she had failed to overcome a presumption that marital property was joint property. They pointed out the consequence of unlawful transfer of property to avoid creditors if in fact the property had somehow been transferred to her as separate property.

¶ 5 The Adibis also asserted that Mrs. Sadeghy failed to carry her burden as a matter of fact. They attached many exhibits

including a record showing Sadeghy as the sole record owner of the house; loan documents showing that he had used some of the listed household items as collateral; a copy of the 1999/2000 telephone book listing Sadeghy, but not wife Pantea, as the resident at the Edmond house; automobile titles for two cars listed in Sadeghy's name at the Edmond address as late as January 2000; and Sadeghy's answers to interrogatories in which he stated that he had not transferred any property to his wife.

¶ 6 Finally, the Adibis argued the seizure was lawful citing Oklahoma law, 12 O.S.1991 § 731 et seq., which does not require a "break in" order issued by the court.[1]

¶ 7 In her reply, Mrs. Sadeghy stated that special executions only issue for property which has a lien or mortgage; that she had a constitutional right to be secure in her home; and that the sheriff did not have the right to break into her home and seize property without a warrant.

¶ 8 On January 20, 2000, the District Court heard argument of counsel for the Adibis and Mrs. Sadeghy, reviewed the pleadings and the evidence submitted, and denied Mrs. Sadeghy's motion. It then authorized the sheriff to proceed with the sale.[2]

¶ 9 Mrs. Sadeghy filed a Motion for New Trial January 31, 2000 stating: 1) the property was unlawfully seized in violation of the Fourth Amendment of the United States Constitution; and 2) the court improperly granted summary judgment against her and refused to hold an evidentiary hearing.

¶ 10 The Adibis responded that Mrs. Sadeghy failed to demonstrate entitlement to a new trial pursuant to 12 O.S.1991 § 651; and that the property was now subject to the jurisdiction of the bankruptcy court.[3]

¶ 11 In its order denying the motion for new trial, the trial court reviewed the pleadings, found that oral argument was not necessary, and answered a specific question posed by Mrs. Sadeghy, viz., the court reaffirmed its original finding that Mrs. Sadeghy had failed to meet her burden of proof with respect to her claim of ownership of the property.

¶ 12 On appeal, Mrs. Sadeghy asserts that 1) every seizure made without a search warrant is unlawful and unreasonable under the Fourth Amendment to the United States Constitution; 2) the seizure of personal property was unlawful because the creditor and sheriff did not have a search warrant or court order, and 3) the trial court erred in denying her an evidentiary hearing before denying her motion.

¶ 13 First, with respect to the procedural question, district courts are authorized to decide motions without hearings. 12 O.S. Supp.1993 Ch.2, App.1, District Court Rule 4(h). Pursuant to District Court Rule 4(c), motions raising fact issues shall be verified by a person having knowledge of the facts. In the case at bar, Mrs. Sadeghy attached evidentiary documents to her motion, and the Adibis attached evidentiary documents in their response to the motion. There is no record presented in this Court that Mrs. Sadeghy asked to present more evidence prior to or at the hearing on the motion. The District Court, which heard argument of the attorneys and reviewed the pleadings and evidence attached, did not err in its method of deciding the motion.

¶ 14 The District Court issued its order January 20, 2000, denying Mrs. Sadeghy's turnover motion, and authorizing sale of the seized property. Mrs. Sadeghy filed her Motion for New Trial January 31, 2000. A hearing on that motion was held February 24, 2000, and the Order denying the motion was filed June 30, 2000. The Order included the statement that Mrs. Sadeghy failed to

---

1. 12 O.S.2001 § 731 provides: Executions shall be deemed process of the court, and shall be issued by the clerk, and directed to the sheriff of the county. They may be directed to different counties at the same time.

2. On January 25, 2000, the lawyer for the Sadeghys filed a notice of bankruptcy showing that Frank Sadeghy had filed for protection under Chapter 7 and advising that the actions by creditors were stayed, effectively preventing the sale of the household goods that Mrs. Sadeghy was swearing were hers.

3. The Adibis also alleged fraudulent pleadings filed by the Sadeghys and breaches of the Rules of Professional Conduct by their attorney.

meet her burden of proof with respect to her original motion claiming ownership of the seized property.

■ ¶ 15 Mrs. Sadeghy's two substantive propositions on appeal solely address whether the "search" and seizure violated the warrant requirement of the Fourth Amendment to the United States Constitution. She did not argue that the District Court's ruling, that she failed to meet her burden of proof with respect to ownership of the seized property, was erroneous. Assuming, as we must, that the District Court was correct, then Mrs. Sadeghy's effort to regain possession of property that is not hers must fail.

■ ¶ 16 Absent ownership of the seized property, Mrs. Sadeghy's issues concerning Fourth Amendment violations are academic. We decline to answer questions disconnected from the granting of relief or from which no practical result will follow. *Town of Covington v. Coberly,* 1929 OK 147, 275 P. 1064. In *Pryor v. Mid–West Investigations & Process Serving, Inc.,* 2000 OK CIV APP 22, ¶ 10, 999 P.2d 452, 455, this Court stated: "Plaintiff's final allegation is also without merit. Whether other stockholders in a corporation may have a cause of action against a corporate officer for allowing a default judgment to be taken against the corporation is an interesting, but purely academic question."

■ ¶ 17 Because the only relief requested by Mrs. Sadeghy was return of the seized property, we need not address the issue whether the Sheriff's action in "forcibly" entering the house in which Mrs. Sadeghy was living was wrongful. There are causes of action for wrongful execution, *Farris v. Castor,* 1940 OK 7, 99 P.2d 900, and violation of civil rights. But those kinds of claims were not before the court. Mrs. Sadeghy has cited no authority that entitles her to the return of her husband's property even if the Sheriff wrongfully entered the house in which she was living. This is because Mrs. Sadeghy was not aggrieved by the seizure of property that was not hers.[4] The District

Court correctly denied the only relief requested, return of seized property, after finding that Mrs. Sadeghy did not carry her burden of proof that the seized property was hers.

AFFIRMED.

JOPLIN, V.C.J., concurs; JONES, J., dissents with separate opinion.

CARL B. JONES, Judge, dissenting:

¶ 1 The majority affirms the trial court's judgment which authorizes the sheriff, under writ of execution *alone,* to forcibly enter into Mrs. Sadeghy's private home to levy upon and seize personal property located therein. I dissent because the majority's opinion fails to address the illegality of the sheriff's actions which, in my opinion, violated Mrs. Sadeghy's Fourth Amendment protection against unreasonable searches and seizures.

¶ 2 The Fourth Amendment provides:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

¶ 3 The Oklahoma Constitution Art. 2, § 30 similarly provides:

The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized.

¶ 4 The Fourth Amendment applies in the civil, as well as criminal, context. *Camara v. Municipal Ct. of City and County of San*

---

4. In a similar vein, a person who cannot establish a proprietary interest in money forfeited lacks standing to challenge the forfeiture. *United States of America v. $3,799.00 in United States Currency,* 684 F.2d 674 (10th Cir.1982). While

the dissent refers to Mrs. Sadeghy's possessory interest in the property, such interest is never described nor did the trial court recognize any possessory interest in her husband's property.

*Francisco,* 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967).

¶ 5 The majority decided Mrs. Sadeghy's Fourth Amendment claims are academic because Mrs. Sadeghy failed to prove her ownership of the seized property. If Mrs. Sadeghy does not have standing to claim a Fourth Amendment violation, who does? Clearly, Sadeghy cannot assert such rights. In my opinion, Mrs. Sadeghy is the only person with standing to protest the legality of the search of her home and seizure of the personal property located therein or to demand the return of such personal property. The 10th Circuit Court of Appeals in *U.S. v. Skowronski,* 827 F.2d 1414 (10th Cir., 1987) identified the person who has standing to contest a search on Fourth Amendment grounds:

Whether a person has standing to contest a search on fourth amendment grounds turns on whether the person had a legitimate expectation of privacy in the area searched, not merely in the items seized. Relevant factors in the inquiry include the "precautions customarily taken by those seeking privacy," the way a location is used, the history of the fourth amendment and society's recognition of permissible conduct in particular places as reflected by property rights.

*Id.* at 1418 (citations omitted). *See also Hightower v. State,* 1983 OK CR 162, 672 P.2d 671.

¶ 6 Although I agree with the majority that Mrs. Sadeghy failed to prove her ownership of the residence or the personal property located therein; the real issue, in my opinion, is whether Mrs. Sadeghy had a reasonable expectation of privacy in her home thus extending the protections of the Fourth Amendment to her *possessory* interests in the personal property located therein. Undisputably, Mrs. Sadeghy had a reasonable expectation of privacy in her home. However, the majority determined the Fourth Amendment does not extend to Mrs. Sadeghy's possessory interests in the personal property located within her home. This is evident by the majority's finding that Mrs. Sadeghy was not aggrieved by the seizure of the personal property because it was not

hers. The majority ignores that the Fourth Amendment protection against unreasonable searches and seizures extends to *possessory* interests in personal property. The Supreme Court of the United States in *Soldal v. Cook County, Ill.,* 506 U.S. 56, 113 S.Ct. 538, 121 L.Ed.2d 450 (1992), stated:

¶ 7 A "seizure" of property, ... occurs when "there is some meaningful interference with an individual's possessory interests in that property." In addition, we have emphasized that "at the very core" of the Fourth Amendment "stands the right of a man to retreat into his own home."

*Id.* 506 U.S. at 61, 113 S.Ct. at 543 (citations omitted).

¶ 8 Next, the majority determined it need not address whether the sheriff's action in "forcibly" entering Mrs. Sadeghy's home was wrongful because Mrs. Sadeghy only requested the return of the seized property. However, the majority should have addressed the "wrongfulness" of the forcible entry because, in my opinion, the illegality of the search of Mrs. Sadeghy's home tainted and voided the seizure under writ of execution.

¶ 9 My opinion is bolstered by the execution statutes, 12 O.S.1991 § 731 et seq., which *do not* authorize a sheriff to forcibly enter into a private residence, under writ of execution, to levy on personal property located within the home. The execution statutes describe, in part, that executions shall be deemed the process of the court; the kinds of execution; and the property liable to be taken upon execution and sold. These statutes authorize the levy on, ie. "seizure," of Sadeghy's property under writ of execution, §§ 731–733, but did not explicitly authorize the sheriff to break into Mrs. Sadeghy's private dwelling house to search for and seize her husband's personal property. In fact, our Oklahoma Supreme Court has observed that the execution statutes provide no directions as to the manner or method of making a levy upon the property found and subjected to the levy. *Farris v. Castor,* 1940 OK 7, ¶ 9, 99 P.2d 900, 902.

¶ 10 The execution statutes are unlike the replevin statutes, 12 O.S.1991 § 1571 et. seq.,

which authorize a sheriff or other officer, in the execution of an order of delivery, to break into a building or enclosure in which certain claimed property is concealed, but only after the officer, who is executing an order of delivery, has been refused entrance into the building and delivery of the property after the sheriff has demanded same. 12 O.S.1991 § 1582. An order of delivery in a replevin action is issued only after the creditor has filed a verified petition, provided notice of the action to defendant and executed an undertaking, and the court has determined the probable truth of creditor's allegations. 12 O.S.1991 § 1571.

¶ 11 Since the replevin statutes, which deal with the pre-trial seizure of specific personal property, provide for an order of delivery, ie. "break-in order," but the execution statutes, which deal with the post-judgment levy on non-specific property, omit such procedures, I find it doubtful the Oklahoma Legislature intended to authorize forced entry in post-judgment execution proceedings. Had the Legislature intended to authorize a sheriff to break into a private residence, under writ of execution, to make a levy on the personal property located within the home, I believe the Legislature would have required similar procedural and due process safeguards as those set forth in the replevin statutes.

¶ 12 Contrary to the majority, I would hold the writ of execution did not authorize the sheriff to *forcibly enter* into Mrs. Sadeghy's *private home* to levy upon and seize her husband's personal property which was then in Mrs. Sadeghy's possession. Accordingly, I would have determined that the levy and seizure of Sadeghy's property was void and would have reversed and remanded this case.